## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
VINCENT PITTS,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )  Case Number:  1:07CV00704 (HHK)
                                        )
ALBERTO GONZALES, Attorney General of   )
the United States,                      )
                                        )
                Defendant.              )
                                        )
_____ )

## DEFENDANT'S PARTIAL MOTION TO DISMISS OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT

Defendant the Attorney General of the United States,[1] through undersigned counsel, hereby moves that the complaint be dismissed in part pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  The Court lacks jurisdiction to review Plaintiff's allegations concerning his employment at EDO Professional Services (t/a Aera), because he was not a federal employee at that time.  If the Court had jurisdiction, it would be appropriate to enter summary judgment for Defendant because  Plaintiff has not exhausted his administrative remedies for any claim based on those allegations.  Further, any such claim is barred by the doctrine of collateral estoppel, and therefore subject to dismissal pursuant to Rule 12(b)(6).

---

[1] Alberto Gonzales, who is named in Plaintiff's complaint, has resigned from his position as the Attorney General of the United States.  His successor will be automatically substituted as a Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

A memorandum of points and authorities and proposed order in support of Defendant's partial motion to dismiss and alternative partial motion for summary judgment are submitted herewith.

Dated: October 25, 2007                    Respectfully submitted,


                                           _____/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney


                                           _____/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR #434122
                                           Assistant United States Attorney


                                           _____/s/ Robin M. Meriweather_____
                                           ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                           Assistant United States Attorney
                                           555 Fourth St., N.W.
                                           Washington, D.C.  20530
                                           Phone: (202) 514-7198
                                           Fax: (202) 514-8780
                                           Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Tamara Schuman
Employment Law Unit I
Office of the General Counsel, Federal Bureau of Investigations

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

VINCENT PITTS,

               Plaintiff,

       v.

ALBERTO GONZALES, Attorney General of
the United States,[1]

             Defendant.
_____

Case Number: 1:07CV00704 (HHK)

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

Defendant, in support of his alternative Partial Motion for Summary Judgment, respectfully submits this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7(h). Defendant believes that there are no material facts in dispute that would preclude entry of summary judgment for Defendant on the claims concerning Plaintiff's prior employment with EDO Professional Services, t/a Aera ("Aera/EDO").

1.      Beginning in or about January of 2002, Plaintiff Vincent Pitts was a Senior Systems Integrator/Analyst for Aera/EDO, a government contractor. See Exh.1 at 2 (EEO Decision). Aera/EDO maintained ultimate supervisory and disciplinary authority over all Aera/EDO employees providing services to the FBI. See Declaration of Amy Tubbs, ¶ 9 (Exh. 6).

2.      On August 13, 2003 Mr. Pitts applied for employment with the FBI as an

---

[1] Alberto Gonzales, who is named in Plaintiff's complaint, has resigned from his position as the Attorney General of the United States. His successor will be automatically substituted as a Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Information Technology Application Specialist.  <u>See</u> Am. Compl. ¶ 8; Exh. 1 at 2 (EEO Decision).

3.    On September 25, 2003, Aera/EDO terminated Plaintiff's employment.  <u>See</u> Am. Compl. ¶ 22.

4.    Plaintiff contacted an EEO counselor in March of 2004, concerning the FBI's rescission of its conditional offer of employment to Plaintiff.  <u>See</u> Exh. 2 (EEOC Charge).  On or about June 30, 2004, Plaintiff filed a formal complaint alleging that the FBI's rescission of that offer constituted racial discrimination.  <u>See</u> <u>id.</u>  The EEO charge did not allege that the FBI had colluded with Aera/EDO to terminate Plaintiff's employment.  <u>See</u> <u>id.</u>

5.    Plaintiff also filed an employment discrimination suit against Aera/EDO, which was litigated in the United States District Court for the Eastern District of Virginia.  <u>See</u> Exh. 3 (Docket Sheet).  The district court granted Aera/EDO's motion for summary judgment, and held that there was "simply not a scintilla of reliable evidence that the decision to terminate Mr. Pitts was racially motivated." Exh. 4 at 10, ll:17-18 (Tr. of summary judgment hearing).   The Fourth Circuit affirmed the district court's ruling. <u>See</u> <u>Pitts v. EDO Profssional Services, Inc. t/a Aera</u>, No. 05-1978, 2006 WL 1307895 (4th Cir. May 11, 2006).

Dated: October 25, 2007                    Respectfully submitted,


                                                        /s/
                                                RRRRRRRRRRRRRRRRRRRRRRRRRRRRR
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney


                                                        /s/
                                                RRRRRRRRRRRRRRRRRRRRRRRRRRRRR
                                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                                Assistant United States Attorney

_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
Tamara Schuman
Employment Law Unit I
Office of the General Counsel, Federal Bureau of Investigations

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                          |     |
|------------------------------------------|-----|
| VINCENT PITTS,                           | )   |
|                                          | )   |
|                      Plaintiff,          | )   |
|                                          | )   |
|                   v.                     | )   Case Number:  1:07CV00704 (HHK) |
|                                          | )   |
| ALBERTO GONZALES, Attorney General of    | )   |
| the United States,[1]                    | )   |
|                                          | )   |
|                      Defendant.          | )   |
|                                          | )   |
| _____)   |     |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE**
**FOR SUMMARY JUDGMENT**

The Equal Employment Opportunity Commission ("EEOC") issued a decision finding that the Federal Bureau of Investigation ("FBI") did not discriminate against Plaintiff on the basis of his race when it rescinded its conditional offer of employment after Plaintiff failed to pass the mandatory background checks. This suit followed. However, rather than limiting his complaint to the discrimination claim raised in the EEOC proceedings, Plaintiff also accuses the FBI of "colluding" with his former private-sector employer— EDO Professional Services, t/a Aera ("Aera/EDO")— to terminate his employment with Aera/EDO on the basis of his race.

The claims based on Plaintiff's prior employment at Aera/EDO are not properly before the Court. The Court lacks subject matter jurisdiction to review those claims because Plaintiff was not a federal employee at that time, and only federal employees may sue federal agencies

_____

[1] Alberto Gonzalez, who is named in Plaintiff's complaint, has resigned from his position as the Attorney General of the United States. His successor will be automatically substituted as a Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

pursuant to Title VII.   If the Court had jurisdiction, Defendant would be entitled to summary

judgment because Plaintiff did not present the issue to an EEO counselor within 45 days of the

termination, and therefore has not exhausted his administrative remedies.  The claims also should

be dismissed for failure to state a claim, because the doctrine of collateral estoppel bars them.

Plaintiff already has filed an unsuccessful employment discrimination suit against Aera/EDO, and

the district court entered summary judgment for Aera/EDO, finding that there was no evidence

that Plaintiff's race motivated Aera/EDO's termination of his employment.  Plaintiff cannot

relitigate that issue in this Court.

## **BACKGROUND**

Beginning in or about January of 2002, Plaintiff Vincent Pitts was a Senior Systems

Integrator/Analyst for Aera/EDO, a government contractor.  See Exh.1 at 2 (EEO Decision).  As

part of his duties, Plaintiff supported an FBI contract, and worked at FBI facilities.  See id. at 2;

Am. Compl. ¶ 16.  On August 13, 2003 Mr. Pitts applied for employment with the FBI as an

Information Technology Application Specialist.  See Am. Compl. ¶ 8; Exh. 1 at 2 (EEO

Decision).  As part of the application process and to qualify for the position, Plaintiff was

required to successfully complete a comprehensive background investigation.  See Exh. 1 at 2

(EEO Decision).  On September 25, 2003, Aera/EDO terminated Plaintiff's employment.  See

Am. Compl. ¶ 22.  On December 3, 2003 the FBI made an offer of employment to Mr. Pitts,

conditional upon successful completion of a comprehensive background investigation.  See id. ¶

27; Exh. 1 at 2 (EEOC Decision).  The FBI conducted a comprehensive background investigation

in accordance with standard agency policy and procedure.  See Exh. 1 at 2 (EEO Decision).

During the course of the investigation, individuals familiar with Plaintiff were interviewed regarding his suitability for employment with the FBI.  See id.  FBI personnel adjudicated the background investigation and determined that based upon information developed during the background investigation, Plaintiff was not a suitable candidate for employment with the FBI. See id. at 2-3.  Accordingly, the FBI rescinded its offer of employment.  See Am. Compl. ¶ 1.

Plaintiff contacted an EEO counselor concerning the rescission of his conditional offer of employment in March of 2004.  See Exh. 2 (EEOC Charge).  On or about June 30, 2004, Plaintiff filed a formal complaint alleging that the FBI's rescission of that offer constituted racial discrimination.  See id.  The EEOC ruled against Plaintiff, and issued a notice of right to sue on March 27, 2007.  See Am Compl. ¶ 12.

Plaintiff also filed an employment discrimination suit against Aera/EDO, which was litigated in the United States District Court for the Eastern District of Virginia.  See Exh. 3 (Docket Sheet).  Aera/EDO moved for summary judgment.  See id.  The district court granted the motion, and held that there was "simply not a scintilla of reliable evidence that the decision to terminate Mr. Pitts was racially motivated." Exh. 4 at 10, ll:17-18 (Tr. of summary judgment hearing).  The Fourth Circuit affirmed the district court's ruling. See Pitts v. EDO Profssional Services, Inc. t/a Aera, No. 05-1978, 2006 WL 1307895 (4th Cir. May 11, 2006).

Plaintiff initiated this case on April 4, 2007, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1).  The Complaint alleges that the FBI "colluded with its contractor to terminate Mr. Pitts's employment with the contractor based upon his race," and that

the FBI subsequently "rescinded its offer of employment based upon his race." Am. Compl. ¶ 1.

Plaintiff seeks compensatory, injunctive, and equitable relief. See id.

## STANDARD OF REVIEW

### A.    Motion to Dismiss

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1), a court generally must accept as true all material allegations of the complaint and must

construe the complaint in the light most favorable to the complaining party. Warth v. Seldin, 422

U.S. 490, 501 (1975). But where a motion to dismiss challenges the factual basis for a court's

jurisdiction, the court "must go beyond the pleadings and resolve any disputed issues of fact the

resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consult., Inc.

v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of

persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney

Bowes, Inc. v. United States Postal Serv., 27 F. Supp.2d 15, 19 (D.D.C. 1998).

Defendant also moves for dismissal under Rule 12(b)(6), because Plaintiff fails to state a

claim upon which relief can be granted. Rule 12(b)(6) requires dismissal if a plaintiff fails to

plead enough facts to state a claim for relief that is plausible on its face. See Bell Atl. Corp. v.

Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating prior standard which required the moving

party to show that plaintiff can prove no set of facts in support of its claim which would entitle it

to relief). This Court must accept all well-pleaded facts as true. Doe v. United States Dep't of

Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). The Court also must resolve all factual doubts in

favor of the plaintiff, and allow the plaintiff the benefit of all inferences. See EEOC v. St. Francis

Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). "However, the court need not accept

inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the

complaint." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). When

reviewing a 12(b)(6) motion, the Court may consider the complaint itself, any documents attached

thereto, and "matters of which [courts] may take judicial notice."[2] EEOC v. St. Francis Xavier

Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997); see also Jankovic v. International Crisis Gp.,

494 F.3d 1080, 1088 (D.C. Cir. 2007) (courts may look at public record information such as

filings from other court proceedings when reviewing 12(b)(6) motions).

**B.      Motion for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d

1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no

genuine dispute exists as to any material fact, summary judgment is required. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact is one that could

change the outcome of the litigation. Id. at 247. "The burden on the moving party may be

discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of

evidence to support the non-moving party's case." Id. Once the moving party has met its burden,

---

[2] When resolution of a Rule 12(b)(6) motion to dismiss requires consideration of facts
outside the complaint that are not matters of which judicial notice may be taken, the motion is
converted to a motion for summary judgment. See Marshall Cty Health Care Auth. v. Shalala,
988 F.2d 1221, 1226 (D.C. Cir. 1993).

the non-movant may not rest on mere allegations, but must proffer specific facts showing that a

genuine issue exists for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986); see also Fed. R. Civ. P. 56(e) (requiring the party opposing summary judgment

to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or

admissions set forth "specific facts showing that there is a genuine issue for trial");  Celotex, 477

U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).

## ARGUMENT

**I.    THE COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW
      PLAINTIFF'S CLAIMS CONCERNING THE TERMINATION OF HIS
      EMPLOYMENT AT AERA/EDO BECAUSE HE WAS NOT A FEDERAL
      EMPLOYEE**.

        Before considering the merits of Plaintiff's claims, the Court must first assure itself that is

has jurisdiction to hear each claim.  See Phoenix Consulting, Inc., v. Republic of Angola,  216

F.3d 36, 41 (D.C. Cir. 2000) (citing Gould v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 451 (6th

Cir.1988) ("subject matter jurisdiction must be considered before other challenges since the court

must find jurisdiction before determining the validity of a claim")).   The Court lacks jurisdiction

over Plaintiff's claims concerning the termination of his employment at Aera/EDO because he

was not a federal employee at that time.  Plaintiff alleges that Defendant "colluded with

[Aera/EDO] to terminate [his] employment based upon his race," and that these actions were

discriminatory.  Am. Compl. ¶¶ 1, 40.  However, Title VII does not waive the sovereign

immunity of the United States for Title VII actions brought by those who are not "employees"

within the ambit of that statute.  42 U.S.C. § 2000e(f).  Accordingly, the existence of jurisdiction

will turn on the nature of Plaintiff's employment relationship with the FBI during that time

period.  As demonstrated below, Plaintiff did not have an employment relationship with the FBI.

Rather, the Amended Complaint is clear that Plaintiff was employed by a private company —

Aera/EDO — which had a contract with the FBI.  See Am. Compl. ¶¶ 8,16.

In general, individuals who are contract employees for the federal government do not

enjoy the protections afforded under Title VII.  Title VII protects federal government employees

from impermissible discrimination in personnel actions by the federal government, but

"independent contractors or those not directly employed ... are unprotected."  Spirides v.

Reinhardt, 613 F.2d 826, 829 (D.C. Cir. 1979).   The threshold requirement for imposing Title

VII liability against the federal government is that a complainant must be an "employee" of the

defendant federal agency.  See Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

Title VII defines an "employee" as "an individual employed by an employer."  42 U.S.C. §

2000e(f).  This definition, however, does not assist in determining the parties' rights and

obligations.  The Supreme Court has instructed that "Congress intended to describe the

conventional master-servant relationship as understood by common-law agency doctrine."

Zhengxing 215 F. Supp.2d at 117 (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-

23 (1992)).

This Circuit has grappled with the common-law agency doctrine in determining "whether

an individual is an employee or an independent contractor" in the context of alleged employment

discrimination against the federal government.  See Spirides, 613 F.2d at 831 and Redd v.

Summers, 232 F.3d 933 (D.C. Cir. 2000).  In Spirides, this Circuit determined that the most

important factor was the extent of the employer's right to control the means and manner of the

worker's performance.  Spirides, 613 F.2d at 831.  The court further articulated eleven factors that should be considered:  (1) the kind of occupation, with reference to whether the work is usually done under the direction of a supervisor, or is done by a specialist without supervision; (2) the skill required by the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated i.e. by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8)  whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties. Spirides 613 F.2d at 832.

This Circuit subsequently applied the Spirides test with some modification in the more recent case of Redd v. Summers, 232 F.3d 933 (D.C. Cir. 2000).  The facts in Redd are more similar to this case than those of Spirides because the plaintiff in Redd also was an employee of a contractor (Aspen Personnel Services, Inc.) that had a contract to provide services for a federal agency.  In Redd, this Circuit reconfigured the eleven factors in Spirides into an analytical model. The model started with the separate consideration of the central question of the putative employer's right to control the means and manner of the worker's performance.  Redd, 232 F.3d at 938.  The Redd model then analyzes the eleven Spirides factors in four categories: (1) the intent of the parties, (2) whether contracting work out is justifiable as a prudent business decision, (3) the defendant's control over the work to be performed, and (4) whether the relationship shares

attributes commonly found in arrangements with independent contractors or employees.  See Redd, 232 F.3d at 939 (citing Spirides, 613 F.2d at 831).

The D.C. Circuit in Redd, however, said that it had never invoked Spirides to resolve an alleged issue of joint employment, and noted the Third Circuit's "fairly standard formulation" of a joint employment test: whether one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control over the terms and conditions of employment of the employees who are employed by the other employer.  Redd, 232 F.3d at 938. Redd, however, avoided deciding which test to apply because the parties did not argue the issue. Id.  This Court has not reached consensus concerning whether Redd and Spirides should apply to cases in which a contractor alleges that he was a joint employee of the agency.  Compare Coles v. Harvey, 471 F. Supp. 2d 46 (D.D.C. 2007) (declining to apply Redd or Spirides factors and applying Third Circuit analysis to review allegation that plaintiff was a joint employee) with Bryant v. Orkand Corp., 407 F. Supp. 2d 29 (D.D.C. 2005) (applying Redd framework and concluding contractors were not State Department employees for purposes of Title VII).

This Court need not determine whether Redd, Spirides, or some other analytical framework governs joint employment cases because Plaintiff has alleged no facts that would support a conclusion that he was a federal employee, under any test, during his employment at Aera/EDO.  As noted, the threshold question under all tests is whether the federal entity — here the FBI — "had a right to control the means and manner of Plaintiff's performance."  Bryant, 407 F. Supp. 2d at 34; see also Redd, 232 F.3d at 938; Spirides, 613 F.2d at 831-32; see Coles, 471 F. Supp. 2d at 50 (asking whether the alleged joint employer "share[s] or codetermine[s] those

matters governing essential terms and conditions of employment").  Plaintiff has not alleged that the FBI had any such power during his employment at Aera.  He states only that Aera/EDO was his employer, and that he worked at FBI work sites with FBI personnel while employed by Aera/EDO.  See Am. Compl. ¶¶ 8, 15, 16,17, 28.  That is not enough to support an inference that the FBI could control the means and manner of Plaintiff's performance.

Aera/EDO was an independent contracting entity that provided services to the FBI.  See Declaration of Amy L. Tubbs, ¶ 3 (Exh. 6).  The FBI did not provide direct day-to-day supervision of Plaintiff, or prepare performance evaluations for him.  See id. ¶¶ 6-7.  Accordingly, it cannot be considered to have been a joint employer of Plaintiff in this case.  See Lopez v. Johnson, 333 F.3d 959, 963 (9th Cir. 2003) (plaintiff, who was employed by an independent contractor that had a contract with the Navy to provide computer services, was not an employee for purposes of Title VII under either test); Bryant, 407 F. Supp. 2d at 34-35 (the State Department could not control contractors' employees or evaluate those employees and therefore the plaintiffs were not federal employees).

The remaining factors of the Redd analysis also show that the FBI was not a joint employer of Plaintiff during his tenure at Aera/EDO.  First, the parties intended that Plaintiff's position would be contractual, as Plaintiff himself alleges.  See Tubbs Decl. ¶ 6.  The Amended Complaint makes clear that Plaintiff "worked for Aera/EDO in supporting a contact with defendant."  Am. Compl. ¶ 16; see also id. ¶ 8 ("In the fall of 2003, Mr. Pitts was an employee of Aera/EDO, a contractor working closely with defendant.").  Second, the FBI's use of contractors for the services that Plaintiff and other Aera/EDO employees provided was "justified as a prudent

–9–

business decision." Redd, 232 F.3d at 939.  Specifically, Aera/EDO employees provided

administrative support services for the FBI, which were neither inherently governmental, nor an

integral part of the FBI's law enforcement and intelligence functions.  See Tubbs Decl. ¶ 4.

The third set of Redd factors "renew the question of the client's control over the work,"

and concern the manner in which the work relationship was terminated, and "whether the client

furnishes the equipment used and place of work."  Redd, 232 F.3d at 939.  Plaintiff's allegation

that he worked on FBI premises has little significance, because "the nature of the work

compel[led] the site."  Id. at 940.  The FBI did not have ultimate supervisory or disciplinary

authority over Aera/EDO employees, because Aera/EDO retained that authority for itself.  See

Tubbs Decl. ¶ 9.  Plaintiff reported to an Aera/EDO network administrator who was on site at the

FBI, and that network administrator set Plaintiff's work schedule, assigned and directed his work.

See id. ¶ 6.  The FBI did not have the authority to terminate the employment of Aera/EDO

employees.  See id. ¶ 9.  Indeed, the Amended Complaint makes clear that Aera/EDO terminated

Plaintiff's employment, and informed him that he would be terminated — not the FBI.  See Am.

Compl. ¶ 23.  Although Plaintiff appears to suggest that the FBI's concern about an alleged

security breach may have been a factor in Aera/EDO's decision, such input "would hardly render

the worker an employee of the client."  Redd, 232 F.3d at 940 (explaining that an agency's

request that a contractor remove a specific employee from a contract does not make the worker an

employee of the agency).

The final group of Redd factors assess whether the work relationship between the plaintiff

and the agency has the attributes typically found in an independent contractor relationship, or

those found in direct employer-employee relationships.  Those attributes include: the duration of the engagement; the method of payment, whether by time or by the job; whether the federal defendant gives the worker annual leave; whether the worker accumulates retirement benefits, and whether the federal entity pays social security taxes.  See Redd, 232 F.3d at 940.  Again, Plaintiff has not alleged any facts that suggest that he was an FBI employee, rather than an independent contractor.  The FBI did not pay Plaintiff's salary, or social security taxes.  See Tubbs Decl. ¶ 7.  Plaintiff did not accrue federal retirement benefits.  See id.  Thus these factors, like the others, all weigh in favor of finding that Plaintiff was not a federal employee while he was employed at Aera/EDO.  Therefore, Plaintiff cannot maintain a Title VII claim against Defendant concerning the termination of his employment at Aera/EDO.

## II.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS CONCERNING THE TERMINATION OF HIS EMPLOYMENT AT AERA/EDO BECAUSE HE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

Alternatively, if the Court had jurisdiction to review Plaintiff's allegation that the FBI colluded with Aera/EDO to terminate his employment with that contractor, Defendant would be entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  Federal employees may file a civil action under Title VII concerning employment discrimination only after exhausting their administrative remedies before the relevant federal agency for each discrete alleged discriminatory act.  42 U.S.C. § 2000e-16(c); National Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 108-09, 113 (2002); More v. Snow, 480 F. Supp. 2d 257, 270 (D.D.C. 2007).  The exhaustion requirement is "not a mere technicality."  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995).  Instead, the "requirement is mandatory and serves to allow the agency

an opportunity to resolve the matter internally and avoid unnecessarily burdening the courts."

Bush v. Engleman, 266 F. Supp. 2d 97, 101 (D.D.C. 2003) (citing Wilson v. Pena, 79 F.3d 154,

165 (D.C. Cir. 1996)); see Bayer v. United States Dep't of Treasury, 956 F.2d 330, 332 (D.C.

Cir. 1992) (noting that the "exhaustion requirement is mandatory"); see also Brown v. Marsh, 777

F.2d 8, 14 (D.C. Cir.1985) ("Exhaustion is required in order to give federal agencies an

opportunity to handle matters internally whenever possible and to ensure that the federal courts

are burdened only when reasonably necessary.").

    Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the

Equal Employment Opportunity Commission ("EEOC") has established "detailed procedures"

and regulatory time limits that govern employees' pursuit of those administrative remedies.

Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal

Sector Equal Employment Opportunity).  The EEOC's regulations require that "aggrieved"

employees consult an agency EEO Counselor within forty-five (45) days of the "matter alleged to

be discriminatory or, in the case of personnel action, within forty-five (45) days of the effective

date of the action."  29 C.F.R. § 1614.105(a)(1); see also Park, 71 F.3d at 907; More, 480 F.

Supp. 2d at 269-70.   If the matter is not resolved through informal counseling, the aggrieved

employee must, within fifteen (15) days, file a written complaint with the agency that allegedly

discriminated against him.  29 C.F.R. § 1614.106(a)-(c).  The agency must investigate the matter

within one hundred eighty (180) days or reject the complaint and issue a final dismissal.  Id. §

1614.106(d)(2).  At the conclusion of the agency's investigation, the complainant may request a

hearing before an EEOC administrative judge or an immediate final decision by the agency.  Id. §

1614.108(f).  A complainant who receives an adverse final decision from the agency may appeal

that decision to the EEOC within thirty (30) days, or may file a civil action within ninety (90)

days.[3]  42 U.S.C.

§ 2000e-16(c); 29 C.F.R. § 1614.407; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996);

Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999).

Plaintiff failed to exhaust administrative remedies for any race discrimination claim

concerning the termination of his employment at Aera/EDO.  The issue addressed in Plaintiff's

EEO complaint, and accepted for investigation, was:

> Whether. . . the U.S. Department of Justice, Federal Bureau of Investigation
> ('Agency') discriminated against Vincent P. Pitts ('Complainant'), based upon his
> race (African American) when, by letter dated February 19, 2004, Complainant
> learned that his conditional offer of employment for the position of Information
> Technology Specialist as rescinded due to information obtained during his
> background investigation.

Exh. 1 at 1 (EEOC Decision).  That issue does not encompass Plaintiff's current claim that

Defendant also colluded with Aera/EDO in 2003 to terminate his employment on the basis of his

race.  Further, even if the EEO charge could be read as encompassing that prior termination, it

would not satisfy the exhaustion requirement because it was filed more than 45 days after

Plaintiff was terminated from Aera/EDO.   Plaintiff alleges that he was terminated September 25,

2003, Am. Compl. ¶ 22, but he first contacted an EEO counselor on March 19, 2004, and filed the

EEO complaint June 30, 2004.  See Exh. 2 (EEO Complaint).  Accordingly, if the Court reaches

the merits of these allegations, summary judgment must be entered for Defendant.  See, e.g.,

---

[3] In addition, a complainant generally may file a civil action at any time after a complaint
has been pending before the agency or the EEOC for at least one hundred eighty (180) days.  42
U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.

Rann, 346 F.3d at (concluding that summary judgment should be entered for defendant because plaintiff failed to exhaust administrative remedies); Foster v. Gonzales, ___ F. Supp. 2d ___, 2007 WL 1876387, at *5-*6 (June 28, 2007) (granting defendant's motion for summary judgment because plaintiff failed to exhaust administrative remedies); Rattigan v. Gonzales, 503 F. Supp. 2d 56, 67-68 (D.D.C. 2007) (concluding several of the discrete allegations of discrimination should be dismissed for failure to exhaust).

## III.    COLLATERAL ESTOPPEL ALSO BARS PLAINTIFF'S CLAIMS CONCERNING THE TERMINATION OF HIS EMPLOYMENT AT AERA/EDO.

As explained *supra*, the Court lacks jurisdiction to review Plaintiff's allegation that Defendant colluded with Plaintiff's prior employer, Aera/EDO, to terminate his employment, and Plaintiff failed to exhaust administrative remedies for those claims.  The doctrine of collateral estoppel provides an additional grounds for dismissing those claims.  Under that doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Yamaha Corp. of Amer. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992); see also Nextwave Personal Communications, Inc. v. FCC, 254 F.3d 130, 147 (D.C. Cir. 2001) ("a final judgment on the merits in a prior suit precludes subsequent relitigation of issues actually litigated and determined in the prior suit, regardless of whether the subsequent suit is based on the same cause of action."), aff'd on other grounds, 537 U.S. 293 (2003); IAM Nat'l Pension Fund, 723 F.2d at 947 (same).  There are three elements necessary for issue preclusion:

(1) the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2) the issue must have been actually and necessarily determined by a court of competent jurisdiction in that

prior case; and (3) preclusion in the second case must not work a basic unfairness
to the party bound by the first determination.

Yamaha Corp., 961 F.2d at 254.  The doctrine protects the finality of judgments, and "is intended

to free courts and parties from the onerous and unnecessary task of relitigating issues that already

have been decided in a full and fair proceeding." McLaughlin v. Bradlee, 803 F.2d 1197, 1204

(D.C. Cir. 1986).  The defense of issue preclusion may be invoked by parties that were not

involved in the prior proceedings. See id. at 1204.

All the elements of issue preclusion are present here.  Plaintiff's prior case was filed

directly against Aera/EDO, and challenged the basis for his termination.  Specifically, Plaintiff

alleged that he was terminated on the basis of his race, as he has argued here.  See Exh. 4 at 10,

l:18 (Tr. of summary judgment hearing).  Aera/EDO moved for summary judgment, and the Court

granted that motion.  See id. at 11, ll:4-5; Exh. 5 (Order granting summary judgment for reasons

set forth in open court).  The Court concluded that "[t]here is simply not a scintilla of reliable

evidence that the decision to terminate Mr. Pitts was racially motivated." Exh. 4 at 10, l: 17-18.

The Fourth Circuit affirmed the district court's ruling.  See Pitts, 2006 WL 1307895 at * 1.  Both

the Eastern District of Virginia and the Fourth Circuit had jurisdiction to review Plaintiff's

employment discrimination claim.  Plaintiff was represented by counsel before the district court

and Fourth Circuit, and had a full and fair opportunity to litigate the case.  His status as the

Plaintiff in both cases gave him as much of an incentive to litigate the issue in the prior case as he

has here.  Accordingly, no "basic unfairness" would result from application of preclusion.  See

Martin v. Dep't of Justice, 488 F.3d 446, 455 (D.C. Cir. 2007) (finding no unfairness where

plaintiff had incentive to fully litigate prior case and had an "ample opportunity to have his

challenge heard").

      The fact that the FBI was not a party to the prior employment discrimination action

neither diminishes the preclusive effect of the rulings of the Fourth Circuit and the Eastern

District of Virginia, nor prevents the FBI from raising issue preclusion as a defense.  "[I]t has

come to be widely accepted that usually little good and much harm can come from allowing a

determined plaintiff to retry the same issues in exhausting fashion against successive defendants."

McLaughlin, 803 F.2d at 1204-05.  That is precisely what Plaintiff is attempting to do here.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Amended Complaint be

DISMISSED in part, or, in the alternative, that summary judgment be entered for Defendant on

the claims concerning Plaintiff's prior employment at Aera/EDO.

Dated: October 25, 2007                    Respectfully submitted,

                                           _____/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney


                                           _____/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR #434122
                                           Assistant United States Attorney


                                           _____/s/   Robin M. Meriweather_____
                                           ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                           Assistant United States Attorney
                                           555 Fourth St., N.W.
                                           Washington, D.C.  20530
                                           Phone: (202) 514-7198
                                           Fax: (202) 514-8780
                                           Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Tamara Schuman
Employment Law Unit I
Office of the General Counsel, Federal Bureau of Investigations

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2007, I caused the foregoing to be filed and served via the Court's Electronic Case Filing system.

                        /s/   *Robin M. Meriweather*
                        ROBIN M. MERIWEATHER, D.C. Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| VINCENT PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case Number:  1:07CV00704 (HHK) |
| | ) |
| ALBERTO GONZALEZ, Attorney General of | ) |
| the United States, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____) | |

**ORDER**

Upon consideration of Defendant's Partial Motion to Dismiss or in the Alternative for

Patrial Summary Judgment,  it is this _____ day of _____, 2007,

ORDERED that Defendant's Partial Motion to Dismiss Or in the Alternative for Partial

Summary Judgment be and is hereby GRANTED.

It is further ORDERED that

__  Plaintiff's claims concerning the termination of his employment at EDO
Professional Services, t/a Aera, be and hereby are DISMISSED for lack of
jurisdiction;

__  Summary judgment is issued in favor of Defendant for all claims concerning the
termination of Plaintiff's employment at EDO Professional Services, t/a Aera,

___  Plaintiff's claims concerning the termination of his employment at EDO
Professional Services, t/a Aera, be and hereby are DISMISSED for failure to state
a claim.

SO ORDERED.

_____

United States District Judge

# EXHIBIT 1



**U.S. Department of Justice**

Complaint Adjudication Office

EEOC Number 100-2005-00622X
Agency Complaint Number F-04-5893

*950 Pennsylvania Avenue, N.W. - PHB*
*Washington, DC 20530*

MAY 1 8 2006

Mr. Vincent P. Pitts
1106 Century Oak Drive
Fredericksburg, VA 22401

Edward M. Brossard, Chief
Employment Law Unit I
Office of the General Counsel
U.S. Department of Justice
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C.  20535

Dear Parties:

     This office received the Order in the above case on May 18,
2006.  Under EEOC regulations, the Department of Justice has 40
days from receipt of the record to file a Final Order to either
accept or not accept the Administrative Judge's decision.  As an
aid to this office in deciding whether or not to accept the
Administrative Judge's decision, you may wish to submit a
memorandum in support of your position.  All memoranda should be
submitted by the 14th day after receipt of this letter and should
be sent to:

                    Complaint Adjudication Office
                    U.S. Department of Justice
                    950 Pennsylvania Avenue
                    Washington, D.C.  20530
                    Telephone No.: 202-514-0545
                    Fax No.: 202-514-0655

A copy of the memorandum should be sent to the opposing party and
the representative.



-2-

On or before the 40th day, this office will forward to the parties a copy of the Final Order and the Memorandum in Support. At that time, the parties will be provided with a Rights of Appeal letter, which will set forth the various appeal options authorized by EEOC regulations, and an EEOC Appeal Form.

Sincerely,

*Mark L. Gross/tr*

Mark L. Gross
Complaint Adjudication Officer


cc:  Veronica Venture
     Edward M. Broussard

# 6390

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

COMPLAINT ADJUDICATION OFFICE
DEPARTMENT OF JUSTICE

| | | |
|---|---|---|
| Vincent P. Pitts, | : | |
| Complainant, | : | |
| | : | EEOC No.    100-2005-00622X    MAY 1 8 2006 |
| v. | : | |
| | : | Agency No.    F-04-5893 |
| Alberto Gonzales, Attorney General, | : | |
| U.S. Department of Justice, | : | May 17, 2006 |
| Agency. | : | |
| | : | |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision issued May 17, 2006, judgment in the above-captioned matter is hereby entered.  A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the Report of Investigation and the Hearing record for the Agency and a copy of the transcript, if any, for Complainant.

SO ORDERED.

_____
Richard W. Furcolo
Administrative Judge

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

| | | |
|---|---|---|
| Vincent P. Pitts, | : | |
|     Complainant, | : | |
| | : | EEOC No.    100-2005-00622X |
|     v. | : | |
| | : | Agency No.    F-04-5893 |
| Alberto Gonzales, Attorney General, | : | |
| U.S. Department of Justice, | : | <u>May 17, 2006</u> |
|     Agency. | : | |
| | : | |

DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109 (g) (2005).[1] The matter comes before me upon the Agency's Motion for a Decision Without a Hearing in Favor of the Agency,[2] with exhibits ("Agency's Motion"), submitted on August 11, 2005; and, the Complainant's Memorandum in Support of Complainant's Opposition to Agency's Motion for Decision Without a Hearing, with exhibits ("Complainant's Opposition"), submitted on September 6, 2005. Based upon the arguments contained in the foregoing pleading, the Report of Investigation (ROI), and the entire record herein, the Agency's Motion is GRANTED.

ISSUES

*Whether, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e-2000e-15, the U.S. Department of Justice, Federal Bureau of Investigation ("Agency") discriminated against Vincent P. Pitts ("Complainant"), based upon his race (African American) when, by letter dated February 19, 2004, Complainant learned that his*

---

[1] The Commission's regulations are patterned after the procedures and guidelines for summary judgment set forth in R. 56 of the Federal Rules of Civil Procedure. *Pedersen v. Reno*, Attorney General, EEOC Request No. 05943339 (1995). Fed. R. Civ. P. 56 provides, "When a motion for summary judgment is made and supported as provided in this rule, . . . [t]he adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

[2] The Agency's dispositive pleading is not identified by name in the caption. This title is taken from the first paragraph of the Agency's submission. *See* Agency's Motion, p. 1.

*conditional offer of employment for the position of Information Technology Specialist was rescinded due to information obtained during his background investigation.*

ROI, Tab 6, Acceptance Letter, dated August 6, 2004

<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

Relevant here, Complainant worked as a Senior Systems Integrator/Analyst for Aera/EDO, a government contractor, beginning in or about January of 2002. As part of his duties, Complainant supported an Agency contract and, consequently, was physically located at various Agency facilities in Virginia in furtherance of his duties. Agency's Motion, Tabs A, B.

On August 18, 2003, Complainant applied for employment with the Agency as an Information Technology Specialist (Application Software), pursuant to Job Posting No. 03-04-1443. Agency's Motion, Tab B. As part of the application process, and to qualify for the position, Complainant was required to successfully complete a comprehensive background investigation. *Id.*

On December 2, 2003, and in response to the Agency's Job Posting and Complainant's application materials, the Agency made an offer of employment to Complainant, conditional upon the successful completion of a comprehensive background investigation. ROI, Tab 14.

The Agency conducted a comprehensive background investigation in accord with standard Agency policy and procedure. Therein, individuals familiar with Complainant were interviewed regarding Complainant's suitability for employment with the Agency. Agency's Motion, Exs. F, G, I, J, K, L, M, O. *See* Agency's Motion, Ex. N.

Tamara M. Carpenter (white) ("Carpenter"), the Supervising Applicant Program Specialist in the Agency's Support Applicant Processing Unit, adjudicated Complainant's background investigation and determined that, based upon information developed during

-2-

Complainant's background investigation, Complainant was not a suitable candidate for employment with the Agency. Carpenter was unaware of Complainant's race. ROI, Tab 10.

Therese E. Rodrique (white) ("Rodrique"), Carpenter's Supervisor, reviewed and supported Carpenter's decision regarding Complainant's suitability for employment with the Agency. Rodrique was unaware of Complainant's race. ROI, Tab 13.

Maurice J. Hayes (Black) ("Hayes"), Unit Chief of the Agency's Background Investigation Contract Services, and former Section Chief of the APS, reviewed Complainant's appeal, agreed with Carpenter's decision, and signed the letter denying Complainant's appeal. Hayes was unaware of Complainant's race. ROI, Tab 11.

By letter dated February 19, 2004, the Agency rescinded its conditional offer of employment to Complainant. ROI, Tab 16.

STATEMENT OF APPLICABLE SUBSTANTIVE LAW

Complainant bears the ultimate burden of persuading the trier of fact that the Agency intentionally engaged in unlawful discrimination against him with respect to a term, condition or privilege of employment. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). Absent direct evidence of discrimination, the Complainant in a Title VII case, as here, must carry the initial burden of production under the statutes of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981).

-3-

In this case, there is no direct evidence of discrimination.[3] Therefore, in order to prove his claim, Complainant may follow the *McDonnell Douglas* tripartite framework[4] to raise a rebuttable inference of unlawful discrimination, thereby requiring the Agency to articulate legitimate, non-discriminatory reasons for its actions. The burden of establishing a *prima facie* case is not onerous.

Complainant may establish a *prima facie* case of disparate treatment under Title VII by showing that: (1) he is a member of a group protected from discrimination; and (2) he was treated differently from similarly situated employees not in Complainant's protected class; or (3) that other evidence exists sufficient to create an inference that the agency's actions were motivated by discrimination. *Burdine,* 450 U.S. at 256, n. 6; *Furnco Constr. Corp.,* 438 U.S. at 576; *McDonnell Douglas,* 411 U.S. at 802 , n.13; EEO MD-110, App. L-1 (November 9, 1999). *See also O'Connor v. Consolidated Coin Caterer's Corp.,* 517 U.S. 308, 311-12 (1996) (must be a logical connection between each element of a *prima facie* case and the illegal discrimination), *citing Burdine,* 450 U.S. at 254.

If Complainant establishes a *prima facie* case of discrimination, the burden of production then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine,* 450 U.S. at 252-54; *McDonnell Douglas,* 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Ctr.,* 509 U.S. at 507, 510-

---

[3] Direct evidence, if believed by the trier of fact, resolves the ultimate issue of whether discrimination occurred, therein shifting the burden of proof to the Agency to demonstrate that the adverse action would have occurred even absent discrimination. *See EEOC Policy Guidance on Recent Developments in Disparate Treatment Theory,* No. 915.002, § III (1992); *Privette v. HUD,* EEOC Appeal No. 01832650 (1985); *Caban-Wheeler v. Elsea,* 904 F.2d 1549, 1555 (11th Cir. 1990).

[4] Because facts in EEO cases vary, the specific tripartite structure set forth in *McDonnell Douglas* for demonstrating the existence of a *prima facie* case is not necessarily applicable in all respects to every case. *McDonnell Douglas,* 411 U.S. at 802, fn. 13. Thus, a Complainant may establish a *prima facie* case of discrimination absent any factor identified by the Court.

11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *Burdine*, 450 U.S. 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact by the preponderance of the evidence that the Agency intentionally, and unlawfully, discriminated against him. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983).

In a disparate treatment case, whether Complainant has established a *prima facie* case of discrimination loses its importance when the Agency, as in this case, presents evidence of the reasons for its actions. *Aikens*, 460 U.S. at 717.

<u>FINDINGS AND ANALYSIS</u>

The trier of fact has before him all the evidence needed to decide whether the Agency intentionally discriminated against Complainant based upon his race. Assuming, *arguendo*, that Complainant satisfied the procedural prerequisites for a Hearing, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Agency articulates that, as an express condition of the offer of employment, Complainant was required to undergo a comprehensive background investigation to ascertain his suitability for employment with the Agency. Therein, the Agency's background investigation revealed information from various sources that lead the Agency to believe that he was unsuitable for Agency employment. *See* Agency's Motion, Exs. F, G, I, J, K, L, M, O; ROI, Tabs 10, 11, 13.

As noted above, where the Agency articulates legitimate, nondiscriminatory reason for its challenged actions any *prima facie* inference drops from the case. Complainant then has to

-5-

prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination and bears the burden of persuading the trier of fact that the Agency unlawfully discriminated against him.

To demonstrate pretext, Complainant asserts that the conditional offer of employment was unjustifiably rescinded, contending the "alleged reasons" cited by the Agency in its determination that he was unsuitable for employment "were false and/or based on untrue information." Complainant"s Opposition, p. 9. Therein, Complainant denies that he left a classified document unattended, contends that the information submitted by background investigation interviewees was "false, misleading, defamatory, insulting, and denied," and asserts that certain character references interviewed during the background investigation "overwhelmingly contradicted" the bad statements. *Id.* at pp. 9-12.

The EEOC is without authority to review a Federal agency's denial of a security clearance. That determination is solely within the Agency's jurisdiction and control. *U.S. Dep't of Navy v. Egan*, 484 U.S. 518, 527-31 (1988) (no one has a right to a security clearance as the protection of classified information must be committed to the broad discretion of the Agency).

However, in complainants involving security clearances, an EEOC Administrative Judge may review whether the security clearance procedures used were applied in a non-discriminatory manner, *i.e.*, whether the security clearance procedures followed by the Agency were the same as the security clearance procedures applied in other cases. *See Thierjung v. Defense Mapping Agency*, EEOC Appeal No. 01852370 (1985). Here, there is no sufficient quantum of competent evidence produced to indicate that the Agency applied its security clearance procedures to Complainant in a manner different than that applied to comparators. Consequently, Complainant's attempts to demonstrate pretext are insufficient.

I note that Complainant cannot establish the existence of discriminatory animus merely by showing that the Agency's action was unsound from a business standpoint, unfair, or motivated by arbitrariness or ill will. *Patterson v. Department of the Treasury*, EEOC Request No. 05950156 (1996). To the contrary, absent proof of a demonstrably discriminatory motive, a tribunal may not second-guess an employer's personnel decision. *Burdine*, 450 U.S. at 259; *Hovey v. Department of Housing and Urban Development*, EEOC Appeal No. 01973965 (2000) (agency has broad discretion to set policies and carry out personnel decisions and will not be second-guessed by the reviewing authority absent evidence of unlawful motivation); *Fischbach*, 86 F.3d at 1183 (pretext is not shown even if employer misjudged relative qualifications of admittedly qualified applicants), *citing Milton v. Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1982). *See also Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) ("the question is not whether the employer made the best, or even a sound, business decision: it is whether the real reason [was discriminatory]"). Moreover, Complainant's mere contentions that management is somehow biased against his protected class is not sufficient to establish that the Agency's reasons for its actions were pretextual. *See Plummer v. U.S. Dep't of the Army*, EEOC Appeal No. 01A23495 (2003). *See also Gleason v. Treasury*, EEOC No. 01900965 (1990); *Page v. EEOC*, EEOC Appeal No. 01932456 (1994), *affd* Request No. 05940531 (1994).

The explanations provided by the Agency are legally sufficient to justify a judgment for the Agency; and the Complainant has not offered, and the record does not contain, evidence of pretext. *See McDonnell Douglas*; *Furnco*; *Burdine*; *St. Mary's Honor Center*; *Consolidated Coin*.

Having thoroughly reviewed and, exercising strict scrutiny, considered all of the evidence of record, including the Report of Investigation and the submission of the Agency in the light most favorable to the Complainant; and as Complainant has not shown that there are any issues requiring a Hearing, the Agency is therefore entitled to summary judgment.

SO ORDERED

Date: May 17, 2006

Richard W. Furcolo
Administrative Judge

Encl.

Copies to: Parties of Record (by First Class mail only)

Vincent P. Pitts (w/o Encl.)
1106 Century Oak Drive
Fredericksburg, VA 22401
Complainant *pro se*

Edward M. Broussard (w/o Encl.)
Chief, Employment Law Unit 1
Office fo the General Counsel
U.S. Department of Justice
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Washington, D.C. 20535
Agency's Designated Representative

Mark Gross, CAJ (w/Encl.)
U.S. Department of Justice
Civil Rights Division
Patrick Henry Bldg.
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109. **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. See 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

# EXHIBIT 2

U.S. Department of Justice

# Complaint of Discrimination
*(see instructions on reverse)*

PRIVACY ACT STATEMENT: 1. AUTHORITY-The authority to collect this information derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to indicate an investigation will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Commission.
3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

**1. Complainant's Full Name** VINCENT PINKNEY Pitts

Street Address, RD Number, or Post Office Box Number
1106 CENTURY OAK DRIVE

City, State and Zip Code
FREDERICKSBURG, VA 22401

**2. Your Telephone Number** *(including area code)*

Home 540 371 2193

Work 703 314 5478

**3. Which Department of Justice Office Do You Believe Discriminated Against You?** FBI

A. Name of Office Which You Believe Discriminated Against You.

FBI EMPLOYMENT JOB

B. Street Address of Office
935 PENNSYLVANIA AVE, NW

C. City, State and Zip Code
WASHINGTON, DC 20535-0001

**4. Current Work Address** UNEMPLOYED

A. Name of Agency Where You Work
FBI (JOB EMPLOYMENT)

B. Street Address of Your Agency

City, State and Zip Code

Title and Grade of Your Job
IT SPECIALIST (GJ-14 STEP 6)

**5. Date on Which Most Recent Alleged Discrimination Took Place**

Month 02   Day 19   Year 2004

**6. Check Below Why You Believe You Were Discriminated Against?**

- [X] Race or Color *(Give Race or Color)* AFRICAN AMERICAN
- [ ] Religion *(Give Religion)* _____
- [ ] Sex *(Give Sex)* [ ] Male [ ] Female
  - [ ] Sexual Harassment
- [ ] Age *(Give Age)* _____
- [ ] National Origin *(Give National Origin)* _____
- [ ] Disability [ ] Physical [ ] Mental
- [ ] Sexual Orientation
- [ ] Reprisal
- [ ] Parental Status
- [ ] Class Complaint

**7. Explain how you were discriminated against** *(Treated differently from other employees or applicants)* Because of Your Race, Color, Religion, Sex, Age, Handicap, Reprisal, or National Origin *(You may continue your answer on anther sheet of paper if you need more space).* DISCRIMINATION BASED ON (EMPLOYMENT, RACE, RETALIATION)

See attach documents

**8. What Corrective Action Do You Want Taken on Your Complaint?** FUTURE LOST WAGES, GENERAL DAMAGES (PAIN/SUFFER), ATTORNEY FEES/COST, other fees, Punitive Damages (emotional), AND BACKGROUND CLEAN-UP

**9. A) I Have Discussed My Complaint With an Equal Employment Opportunity Counselor and/or other EEO Official:**

DATE OF FIRST CONTACT WITH EEO OFFICE: 19 MARZ 04 (LEFT VOICE)
23 MAR 04 (counsely)

B. Name of Counselor: Judy Parquet

DATE OF RECEIPT OF NOTICE OF FINAL INTEVIEW WITH EEO COUNSELOR
21 JUNE 2004

[ ] I Have Not Contacted an EEO Counselor

**10. Date of This Complaint:**
Month 06   Day 29   Year 2004

**11. Sign Your (Complainant's) Name Here:** [signature]

FORM DOJ-201A
MAR 2001

RECEIVED 2004 JUN 30 A 9:22   OFFICE OF EEO AFFAIRS

RECEIVED 2004 JUL 6 A 11:52   OFFICE OF EEO AFFAIRS

Deemed filed 6/30/04 (Postmark)

statistical data for Support Employee applicants whose
appointments were rescinded based on derogatory information for
the period 2002 through 2004.  Ex. 20.

# EXHIBIT 3

CLOSED, JURY

# U.S. District Court
## Eastern District of Virginia (Alexandria)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00215-LMB-TCB

Pitts v. EDO Professional
Assigned to: District Judge Leonie M. Brinkema
Referred to: Magistrate Judge Theresa Carroll Buchanan
Demand: $5,000,000
Case in other court: 05-01978
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 02/25/2005
Date Terminated: 08/05/2005
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Vincent Pitts**
represented by **Marcel Dabriel Jones**
Law Offices of Owaiian M Jones
PO Box 8320
Fredericksburg, VA 22404-8320
(540) 373-9110
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Owaiian Maurice Jones**
Law Offices of Owaiian M Jones
404 Chatham Sq
PO Box 8320
Fredericksburg, VA 22404-8320
(540) 373-3312
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chad Matthew Rinard**
Law Offices of Robert J Barlow PLC
3516 Plank Rd
PO Box 8
Fredericksburg, VA 22404
540-548-4120
Fax: 540-548-4123
*TERMINATED: 07/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**EDO Professional Services Inc.**
*trading as*
Aera
represented by **Christopher E. Hassell**
Bonner Kiernan Trebach & Crociata
LLP
1233 20th St NW
Suite 800
Washington, DC 20036

202-712-7000
Fax: 202-712-7100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/25/2005 | 1 | COMPLAINT Filing Fee $ 250.00 Receipt # 100 178689; jury demand (otho) (Entered: 02/25/2005) |
| 02/25/2005 | | Jury Trial Flag (otho) (Entered: 02/25/2005) |
| 02/25/2005 | | CASE REFERRED to Mag Judge Theresa C. Buchanan (otho) (Entered: 02/25/2005) |
| 02/25/2005 | | SUMMONS(ES) issued and given to atty for service by SPS as to EDO Professional (otho) (Entered: 02/25/2005) |
| 03/28/2005 | 2 | ANSWER to Complaint by EDO Professional (Attorney Christopher E. Hassell), (kjon) (Entered: 03/28/2005) |
| 03/30/2005 | 3 | ORDER setting Initial Pretrial Conference for 10:00 4/20/05 Discovery Deadline for 7/15/05 Final Pretrial Conference for 10:00 7/21/05 (see order for details) ( signed by Judge Leonie M. Brinkema ) Copies Mailed: 3.30.05 (agil) (Entered: 03/30/2005) |
| 03/30/2005 | | Deadline updated; reset Initial Pretrial Conference for 10:00 4/20/05 before Mag Judge Theresa C. Buchanan (agil) (Entered: 03/30/2005) |
| 04/08/2005 | 4 | Financial Interest Disclosure Statement (Local Rule 7.1) by EDO Professional (karn) (Entered: 04/11/2005) |
| 04/20/2005 | 6 | Rule 16(B) Scheduling Order - Pursuant to the Rule 16(B) Conference it is hereby ordered that: 1.a. The proposed Joint Discovery Plan is approved and shall control discovery to the extent of its application unless modified by the court. (see order for details) ( signed by Mag Judge Theresa C. Buchanan ) Copies Mailed: yes (agil) (Entered: 04/21/2005) |
| 04/21/2005 | 5 | Joint Discovery Plan by Vincent Pitts, EDO Professional (agil) (Entered: 04/21/2005) |
| 04/28/2005 | 7 | MOTION by EDO Professional for Thomas M. Lopez to appear pro hac vice (agil) (Entered: 04/29/2005) |
| 05/11/2005 | 8 | Rule 26(a) Disclosure by EDO Professional Services Inc. (Large Pleading) (agil) (Entered: 05/11/2005) |
| 05/12/2005 | 9 | Rule 26 Disclosure by Vincent Pitts. (jcup, ) (Entered: 05/12/2005) |
| 05/16/2005 | 10 | Plaintiff's Initial Expert Disclosure by Vincent Pitts. (agil) (Entered: 05/17/2005) |
| 05/19/2005 | 11 | ORDER for Pro hac vice of Thomas Lopez Filing fee $ 50, receipt |

|            |    |                                                                                                                                                                                                                                                                            |
|------------|----|----|
|            |    | number 100 180434. Signed by Judge Leonie M. Brinkema on 5/19/2005. (agil) (Entered: 05/19/2005)                                                                                                                                                                            |
| 05/25/2005 | 12 | CONSENT MOTION for Leave to Amend [1] Complaint by Vincent Pitts. (agil) (Entered: 05/26/2005)                                                                                                                                                                              |
| 05/25/2005 | 13 | Memorandum in Support of [12] MOTION for Leave to Amend [1] Complaint filed by Vincent Pitts. (agil) (Entered: 05/26/2005)                                                                                                                                                  |
| 05/25/2005 |    | MOTIONS [12] MOTION to Amend/Correct [1] Complaint REFERRED to Judge Judge Buchanan. (agil) (Entered: 05/26/2005)                                                                                                                                                           |
| 05/26/2005 | 14 | CONSENT MOTION to Reschedule Pretrial Conference by EDO Professional Services Inc. (agil) (Entered: 05/27/2005)                                                                                                                                                             |
| 05/26/2005 | 15 | Memorandum of Points and Authorities re: [14] MOTION filed by EDO Professional Services Inc. (agil) (Entered: 05/27/2005)                                                                                                                                                   |
| 05/26/2005 | 16 | NOTICE of Hearing on Motion [14] to Reschedule Pretrial Conference. Motion Hearing set for 6/3/2005 10:00 AM before Judge Leonie M. Brinkema. (agil) (Entered: 05/27/2005)                                                                                                   |
| 05/26/2005 | 17 | ORDER [12] that Pitts has leave to amend his complaint and file in its stead the attached, draft Amended Complaint: Pitts shall File his Amended Complaint w/in 10 days of the date of this order. Dft's have 21 to answer.Signed by Judge Theresa Carroll Buchanan on 5/26/2005. c/s: 5/27/05 (agil) (Entered: 05/27/2005) |
| 05/26/2005 | 18 | DRAFT Amended Complaint by Vincent Pitts. (agil) (Entered: 05/27/2005)                                                                                                                                                                                                      |
| 05/31/2005 | 20 | ANSWER to Amended Complaint by EDO Professional Services Inc. (jcup, ) (Entered: 06/02/2005)                                                                                                                                                                                |
| 06/01/2005 | 19 | AMENDED COMPLAINT against EDO Professional Services Inc., filed by Vincent Pitts.(agil) (Entered: 06/01/2005)                                                                                                                                                               |
| 06/02/2005 |    | Per LMB chambers motions set for 6/3/05 an order is to be entered (clar, ) (Entered: 06/02/2005)                                                                                                                                                                            |
| 06/07/2005 | 21 | ORDER that the final pretrial conference currently scheduled for 7/21/05 at 10:00 am be and is changed to 7/21/05 at 12:00 pm (see order for details). Signed by Judge Leonie M. Brinkema on 6/7/05 (kjon ) Copies mailed (Entered: 06/08/2005)                              |
| 06/07/2005 |    | Reset Hearings: Final Pretrial Conference set for 7/21/2005 12:00 PM before Honorable District Leonie M. Brinkema (kjon ) (Entered: 06/08/2005)                                                                                                                              |
| 07/21/2005 | 22 | MOTION for Summary Judgment by EDO Professional Services Inc.. (ltun ) (Entered: 07/21/2005)                                                                                                                                                                                |
| 07/21/2005 | 23 | Statement of Material Facts not Genuinely in Dispute by EDO Professional Services Inc. (ltun ) (Entered: 07/21/2005)                                                                                                                                                        |
|            |    |                                                                                                                                                                                                                                                                            |

| 07/21/2005 | 24 | NOTICE of Hearing on Motion [22] MOTION for Summary Judgment: Motion Hearing set for 8/5/2005 10:00 AM before Honorable District Leonie M. Brinkema. (ltun ) (Entered: 07/21/2005) |
| 07/21/2005 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema: Final Pretrial Conference held on 7/21/2005. Appearances of counsel for parties. Jury Trial set for 9/21/2005 10:00 AM in Courtroom 600 before Honorable District Leonie M. Brinkema. (Court Reporter J. Inabnet.) (karn, ) (Entered: 07/21/2005) |
| 07/21/2005 | 25 | Witness and Exhibit List by Vincent Pitts. (karn, ) (Entered: 07/21/2005) |
| 07/21/2005 | 26 | Witness List by EDO Professional Services Inc.(karn, ) (Entered: 07/21/2005) |
| 07/21/2005 | 27 | Exhibit List by EDO Professional Services Inc.(karn, ) (Entered: 07/21/2005) |
| 07/22/2005 | 28 | Supplemental List of Exhibits by Vincent Pitts. (agil) (Entered: 07/22/2005) |
| 07/26/2005 | 29 | AGREED ORDER that Chad Rinard's request to withdraw as counsel fo record for Plf be, and the same hereby is Granted. Change of counsel will not result in any deadlines changing in the civil action. Signed by Judge Leonie M. Brinkema on 7/26/05. c/s(agil) (Entered: 07/26/2005) |
| 08/01/2005 | 30 | Objection to Pltf's Proposed [25, 28] Exhibits filed by EDO Professional Services Inc. (agil) (Entered: 08/02/2005) |
| 08/01/2005 | 31 | Response to [22] MOTION for Summary Judgment filed by Vincent Pitts. (large pleading) (clar, ) (Entered: 08/02/2005) |
| 08/01/2005 | 32 | Memorandum of points and authorities in support of [31] Response to [22] MOTION for Summary Judgment filed by Vincent Pitts. (clar, ) (Entered: 08/02/2005) |
| 08/01/2005 | 33 | Praecipe advising that Marcel Jones, Esquire, an associate of the Law Offices of Qwaiian M. Jones, shall serve as co-counsel of record to Owaiian M. Jones by Vincent Pitts. (clar, ) (Entered: 08/02/2005) |
| 08/03/2005 | 34 | Reply memorandum in Support of [22] MOTION for Summary Judgment filed by EDO Professional Services Inc.. (clar, ) (Entered: 08/03/2005) |
| 08/05/2005 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema: Motion Hearing held on 8/5/2005 re [22] MOTION for Summary Judgment filed by EDO Professional Services Inc. Appearances by counsel for parties. Motion argued and granted. Order to follow. (Court Reporter Thomson.) (karn, ) (Entered: 08/08/2005) |
| 08/05/2005 | 35 | For the reasons stated in open court, ORDER granting [22] Deft's Motion for Summary Judgment; and it is hereby ORDERED that judgment be and is entered in deft's favor on all counts of the Amended Complaint. Signed by Judge Leonie M. Brinkema on 8/5/05. (karn, ) (Entered: |

| | | 08/08/2005) |
|---|---|---|
| 08/05/2005 | 36 | JUDGMENT in favor of Defendant, EDO Professional Services, Inc. against Plaintiff, Vincent Pitts. (Entered by the Clerk pursuant to FRCP 58)(karn, ) (Entered: 08/08/2005) |
| 08/16/2005 | 37 | BILL OF COSTS by EDO Professional Services Inc. (agil) (Entered: 08/16/2005) |
| 08/29/2005 | 38 | MOTION for Enlargement of Time to File Objection to Deft's Bill of Costs by Vincent Pitts. (jwhe, ) (Entered: 08/30/2005) |
| 08/29/2005 | 39 | NOTICE OF APPEAL as to [36] Judgment dated 8/5/05, [35] Order on Motion for Summary Judgment dated 8/5/05, by Vincent Pitts. Filing fee $255, receipt number 100 182651. Copy sent to USCA. Copy sent to parties. (nmck, ) (Entered: 08/30/2005) |
| 08/30/2005 | 40 | ORDER granting [38] Motion for Extension of Time to File Bill of Costs. ORDERED that plaintiff's Objection to Bill of Costs be filed in this civil action, and it is further ORDERED that defendant file any response to the objection within 11 days. Signed by Judge Leonie M. Brinkema on 8/30/05. (ltun ) (Entered: 08/31/2005) |
| 08/30/2005 | 41 | Objection to [37] Bill of Costs filed by Vincent Pitts. (ltun ) (Entered: 08/31/2005) |
| 09/09/2005 | | USCA Case Number 05-1978, case manager Lisa Jernigan for [39] Notice of Appeal filed by Vincent Pitts,. (nmck, ) (Entered: 09/12/2005) |
| 09/09/2005 | 42 | Reply to pltf's [41] Objection to Bill of Costs, filed by EDO Professional Services Inc. (kjon ) (Entered: 09/12/2005) |
| 09/28/2005 | 43 | Certificate of Completion re [39] Notice of Appeal: sent to USCA. (nmck, ) (Entered: 09/28/2005) |
| 11/23/2005 | | Certified and Transmitted Record on Appeal to US Court of Appeals re [39] Notice of Appeal in 3 volumes. (Vol. 1 pleadings 1-22) (Vol. 2 pleadings 23-43) Vol. 3 pleading 31) (nmck, ) (Entered: 11/23/2005) |
| 05/12/2006 | 44 | Opinion of USCA (Copy) decided 5/11/06 re [39] Notice of Appeal, Affirmed, attached copy of judgment will not take effect until issuance of the mandate. (agil) (Entered: 05/15/2006) |
| 06/05/2006 | 45 | USCA JUDGMENT as to [39] Notice of Appeal filed by Vincent Pitts, in accordance with the written opinion of this court filed this day, the court affirms the judgment of the district court. A certified copy of this judgment will be provided to the district court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate. (mandate issued) (nmck, ) (Entered: 06/05/2006) |
| 06/05/2006 | | Appeal Record Returned: [39] Notice of Appeal in 3 volumes. (nmck, ) (Entered: 06/05/2006) |
| 06/13/2006 | 46 | PRAECIPE Regarding Change of Address by EDO Professional Services Inc. (agil) (Entered: 06/14/2006) |

| 11/29/2006 | 47 | Costs Taxed in amount of $ 1,816.60 against Pltf, Vincent Pitts - taxed and ent by the Clerk c/m (jsol, ) (Entered: 11/29/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/25/2007 14:37:06 | | |
| **PACER Login:** | du6092 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00215-LMB-TCB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT 4

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| VINCENT PITTS, | . | Civil Action No. 1:05CV215 |
| | . | |
| Plaintiff, | . | |
| | . | |
| vs. | . | Alexandria, Virginia |
| | . | August 5, 2005 |
| EDO PROFESSIONAL SERVICES, | . | 10:00 a.m. |
| INC., t/a AERA, | . | |
| | . | |
| Defendant. | . | |
| | . | |

. . . . . . . . . .

TRANSCRIPT OF SUMMARY JUDGMENT MOTION HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:          COREY L. POINDEXTER, ESQ.
                           Law Offices of Owaiian M. Jones
                           P.O. Box 8320
                           Fredericksburg, VA 22404-8320


FOR THE DEFENDANT:          CHRISTOPHER E. HASSELL, ESQ.
                           CHRISTINE S. RAMAPURAM, ESQ.
                           Bonner Kiernan Trebach &
                           Crociata, LLP
                           1233 20th Street, N.W.
                           Washington, D.C. 20036

ALSO PRESENT:               VINCENT PITTS

OFFICIAL COURT REPORTER:    ANNELIESE J. THOMSON, RDR, CRR
                           U.S. District Court, Fifth Floor
                           401 Courthouse Square
                           Alexandria, VA 22314
                           (703)299-8595


(Pages 1 - 11)


COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1                    P R O C E E D I N G S

2         THE CLERK:  Civil Action 2005-215.  Vincent Pitts v.

3    EDO Professional Services, Inc.  Will counsel please note their

4    appearance for the record.

5         MR. HASSELL:  Good morning, Your Honor.  Christopher

6    Hassell and Christine Ramapuram for the defendant.

7         THE COURT:  Is Mr. Jones here or anyone for the

8    plaintiff?

9         MR. HASSELL:  Well, I saw Mr. Pitts in the hall.  I did

10   receive a call from a Mr. Poindexter last -- yesterday at about

11   3:00, who indicated that he was going to ask this morning for a

12   continuance of this.  When I called him back at 5:30, I wasn't

13   able to reach him.  But other than that, I don't know

14   Mr. Poindexter, so I couldn't tell you whether he's here.

15        THE COURT:  All right.  Mr. Wood?

16        THE COURT SECURITY OFFICER:  Yes, ma'am.

17        THE COURT:  If you wouldn't mind, could you ask if

18   there's a Mr. Vincent Pitts outside, please?

19        THE COURT SECURITY OFFICER:  Mr. Pitts?

20        MR. POINDEXTER:  Yes.

21        THE COURT:  All right, Mr. Pitts, I'm sorry, come up to

22   this table, please.

23        All right, Mr. Pitts, you are not proceeding pro se in

24   this case.  You need to have --

25        MR. POINDEXTER:  Oh, I'm sorry, Your Honor.  My name is

3

1   Corey Poindexter.

2          THE COURT:  Oh, I'm sorry, Mr. Poindexter.

3          MR. POINDEXTER:  Mr. Pitts was right behind me walking

4   in the door.  He may have got caught up in the crowd.

5          THE COURT:  Well, Mr. -- I'm glad you're here,

6   Mr. Poindexter.  This matter is -- we have pending on the docket

7   this morning the defendant's motion for summary judgment --

8          MR. POINDEXTER:  Correct.

9          THE COURT:  -- and I'm prepared to rule on that today.

10          Mr. Hassell indicated that you made some discussion --

11   had some discussion with him about the possibility of asking for a

12   continuance.

13          MR. POINDEXTER:  Yes, Your Honor, I did.  I called

14   Mr. Hassell yesterday afternoon.  This matter was originally being

15   handled by a Mr. Rinard in the firm, who recently left, and I

16   think Mr. Jones was assigned as the co-counsel with him.

17          THE COURT:  One second.  Mr. Pitts, you may come up and

18   sit at this table with your attorney.

19          MR. PITTS:  Thank you.

20          THE COURT:  All right.

21          MR. POINDEXTER:  And so on yesterday, I was actually

22   given the file for this particular summary judgment hearing, and,

23   of course, at that point in time, there wasn't any time for me to

24   file a continuance on it, and I hadn't done any prior work, as

25   this case belonged to Mr. Rinard and Mr. Jones.

4

1        I didn't prepare any of the pleadings, I didn't

2   participate in a deposition, and actually formally met with

3   Mr. Pitts for the first time today, spoke with him yesterday.

4   That was the basis of me asking for the continuance, just because

5   to give Mr. Pitts a fair opportunity to have his case prepared for

6   summary judgment argument.

7        THE COURT:  There's been a written opposition filed.

8        MR. POINDEXTER:  Yes.  And that was done by, I believe,

9   Mr. Jones in the particular case.  Of course, that wasn't done by

10  me.  That was done by Mr. Jones.

11       THE COURT:  Why is Mr. Jones not here today?

12       MR. POINDEXTER:  Mr. Jones is actually in trial this

13  morning, and so this was originally set on Mr. Rinard's available

14  docket date.

15       THE COURT:  Well, I'm sorry, but, I mean, we don't work

16  that way in this court.

17       MR. POINDEXTER:  I understand.

18       THE COURT:  This case was filed back in February of

19  2005.  There was an amended complaint filed in May, late May of

20  2005.  At the final pretrial conference, I can't recall who was

21  present, but we had the pretrial on July 21.

22       I believe at that point, if I'm not mistaken, we

23  discussed the possibility, because it almost always is the case in

24  cases of this sort that there are motions for summary judgment, so

25  I don't think it's any surprise to the plaintiff that that would

5

1   be coming, and this case is docketed for a trial in late

2   September.

3          It is not appropriate, in my view, for counsel to be

4   shifting this case back and forth at this point, but in any case,

5   I want to know what a continuance would buy you.  The plaintiff

6   has responded through your partner or colleague to the motion for

7   summary judgment.  The summary judgment motion is fairly

8   straightforward.  It basically argues that other than your

9   client's belief that he has been the victim of discrimination

10  based on his race from the defendant, there is no evidence,

11  objective evidence that supports that position, and, in fact, the

12  strongest and most difficult piece of evidence in this case

13  apparently is that, as I understand the facts, Mr. Pitts was

14  although hired by EDO Professional Services, it was for a

15  specific -- to serve as a specific contract with the FBI, and that

16  contract with the FBI was -- as to your client was ultimately

17  terminated, because the FBI did not -- was not satisfied with your

18  client's performance.

19         In other words, whatever decision EDO made was based

20  upon the fact that the client whom your client was supposed to be

21  servicing no longer wanted him working there, and therefore, they

22  had no longer a job for him.

23         Now, I understand they made some effort to find

24  something else, but there's no evidence that I have seen in this

25  record that their inability to find him something else was based

6

1   upon some retaliatory or discriminatory motive.

2          And, you know, there is an allegation in your client's

3   papers, in your opposition that this memorandum from the FBI,

4   which is a piece of evidence that's in the defendant's papers

5   which indicates that they are dissatisfied with Mr. Pitts'

6   performance and didn't want him working there any longer, that

7   that was fabricated, but there's absolutely no evidence of that,

8   and to suggest that the FBI would fabricate evidence is strong

9   allegation.

10         I mean, it's, of course, always possible, but we don't

11  work on possibilities.  We work on facts in this case -- in this

12  court.

13         So what you need to tell me is what would a continuance,

14  what kind -- what would you do -- if I gave you a continuance,

15  what more would you add to your opposition?

16         MR. POINDEXTER:  Well, Your Honor, I believe -- and

17  there are other documents to my understanding that --

18  contradictory with respect to whether or not the FBI wanted

19  Mr. Pitts to be terminated.  It's contradictory with respect to

20  their opinion with respect to him not being capable or that his

21  interpersonal skills or abilities did not meet their particular

22  mission, and there are contradictory documents from the exact same

23  people that I understand are part of the record from everything

24  that was done in this particular case that I think would also go

25  further in support of Mr. Pitts' claim that he was discriminated

7

1  against based on his race.

2          And more importantly, since it appears that I'm going to

3  be the one who has to do this, to more thoroughly review the

4  records.  I did not take part in any of it.  And, of course, the

5  record on this particular case is quite long, and simply by virtue

6  of me having this case yesterday, I didn't get a chance to go

7  through every single thing in this particular file to pull up

8  those things that Mr. Pitts discussed with me and the other issues

9  that were brought up.  So that's what it would do.

10          And I wouldn't ask for any significant time.  I mean,

11  August 19, if that was an available date, would be available.

12  That's the next available date for me.

13          I think that would help, especially since this is a

14  summary judgment hearing, which is, you know, completely

15  dispositive of the actual case, and so I would just ask for that

16  particular opportunity so that Mr. Pitts can have a fair and

17  adequate hearing on the summary judgment motion.

18          THE COURT:  But are you -- well, again, often we don't

19  even have argument on summary judgment motions.  They're supposed

20  to be resolvable in many cases on the paper submitted.

21          Are you indicating that the opposition you-all filed

22  does not sufficiently address the issues raised by the defendant?

23          MR. POINDEXTER:  Well, I wouldn't say it insufficiently

24  addresses the issues, but there may have been one or two things --

25  like I say, I didn't prepare it.  I didn't have a chance to review

8

1  it.  Unfortunately, I didn't prepare it, but to review it, but I

2  think it would be other things that would substantiate Mr. Pitts'

3  claim in terms of racial discrimination especially for purposes of

4  a summary judgment hearing.

5          THE COURT:  Why did you-all not give Mr. Hassell advance

6  notice that you could not respond adequately to the summary

7  judgment motion?

8          MR. POINDEXTER:  Well, Your Honor, I mean, it's

9  difficult for me to particularly answer that question.  I mean, I

10  don't know.  I tried to contact Mr. Hassell as soon as I was

11  advised -- or assigned to do this, which was pretty much yesterday

12  morning.

13          THE COURT:  Mr. Hassell -- I'm sorry, Mr. Hassell, when

14  did you file the original motion for summary judgment?

15          MR. HASSELL:  The day of the pretrial, Your Honor, which

16  was the --

17          THE COURT:  July 21.

18          MR. HASSELL:  July 21.  I hand-delivered it to

19  Mr. Rinard.

20          And he knew before even I filed that and we had the

21  pretrial, he knew he was leaving.  Apparently, Mr. Jones's office

22  chose not to have somebody else come here, which I think is a

23  little bit surprising, because Mr. Rinard knew he was leaving the

24  next day, and we discussed this when I gave him the copy of the

25  motion for summary judgment, and he knew that it was going to be

9

1  set for two weeks, and I told him that if there was some issue,

2  that they could call me.

3          Nobody called me for two weeks.  And then to come -- I,

4  you know, obviously spent the time and the effort to come here to

5  be prepared to argue this.

6          An opposition was filed.  Frankly, the opposition is

7  exactly what's always been said in this case.  It's always the

8  same two points:  the fabricated memo and the "I didn't leave the

9  book out," neither of which is relevant to the issues about race

10 discrimination.

11         The opposition is exactly what's been claimed in every,

12 in every interrogatory, in all the depositions.  This is their

13 defense.  There's nothing else to raise.  And it's really just for

14 the matter of the Court to rule on it.

15         THE COURT:  Mr. Poindexter, you're in a tough position.

16 I remember -- you know, because you've been asked to take somebody

17 else's case.  I mean, has this case now been officially assigned

18 to you, and you are the attorney of record now on this case from

19 here on out?

20         MR. POINDEXTER:  No, Your Honor, not to my knowledge.  I

21 was just asked to do this today.  I believe the attorney of record

22 would be Owaiian Jones and, I believe, Marcel Jones, who is the

23 attorney who prepared the memorandum.

24         THE COURT:  Well, I think Mr. Hassell's point is well

25 taken; that is, you know, as we read that opposition, there was,

10

1  as I said, no evidence submitted to suggest that the defendant was

2  guilty of racial discrimination of any kind or that any of the

3  decisions made by the defendant were racially motivated.

4      Because the plaintiff has been unable to come forward

5  with any evidence in the written opposition and you've not given

6  me, in my view, a satisfactory explanation as to what additional

7  evidence could be developed, the discovery period has closed, so,

8  I mean, whatever evidence exists, the universe has been defined,

9  and although you were not the attorney of record, Mr. Jones

10 apparently has been for at least a week or two and therefore had

11 enough time either to file a proper motion for a continuance and

12 explain why the opposition could not be prepared in a proper

13 manner or to put everything that he had available in the

14 opposition.

15     But I will tell you that from what I have seen, there

16 has been an insufficient opposition to the defendant's motion.

17 There is simply not a scintilla of reliable evidence that the

18 decision to terminate Mr. Pitts was racially motivated.

19     The customer, the FBI, was dissatisfied.  Even if they

20 were wrong, let us assume your client did absolutely nothing wrong

21 with the book business, nevertheless, the FBI misconstrued it or

22 misunderstood it, but whatever basis it was, when they told EDO

23 they didn't want your client working on the project any longer,

24 that meant EDO was in a position where it had to terminate your

25 client or where it made the decision to terminate your client

11

1   because the business for which he had been hired was no longer

2   there.

3         I don't see how one can argue on this record anyway that

4   that was racially motivated, and so I'm granting summary judgment

5   on behalf of the defendant.  Thank you.

6         MR. POINDEXTER:  Thank you, Your Honor.

7                    (Which were all the proceedings

8                     had at this time.)

9

10              CERTIFICATE OF THE REPORTER

11     I certify that the foregoing is a correct transcript of the

12   record of proceedings in the above-entitled matter.

13

14

15                  _____

16                    Anneliese J. Thomson

17

18

19

20

21

22

23

24

25

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VINCENT PITTS,                          )
                                        )
        Plaintiff                       )
                                        )
        v.                              )        1:05cv215
                                        )
EDO PROFESSIONAL SERVICES, INC.         )
                                        )
        Defendant                       )

## ORDER

For the reasons stated in open court, defendant's Motion for Summary Judgment is GRANTED and it is hereby

ORDERED that judgment be and is entered in defendant's favor on all counts of the Amended Complaint.

The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58 in defendant's favor and to forward copies of this Order to counsel of record.

Entered this 5th day of August, 2005.

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

# EXHIBIT 6

## DECLARATION OF AMY L. TUBBS

I, Amy L. Tubbs, do hereby declare and state as follows:

1. I am a Management and Program Analyst in the Tactical Operations Support Center ("TOSC") of the Operational Technology Division (OTD) of the Federal Bureau of Investigation (FBI). I have been employed at the FBI since January 16, 1984. I make the following declaration based on my personal knowledge.

2. I was the Contracting Officer's Technical Representative (COTR) for the contract that the FBI had with AERA/ EDO. In my capacity as the COTR, I was responsible for ensuring that this company provided services and deliverables as stated in their contract with the FBI.

AERA/EDO.

3. Under the terms of the Bureau's contract with AERA/EDO, AERA/EDO provided continuing maintenance, support, technical enhancement, and system integration services in support of the TOSC computer network infrastructure. This included tasks such as development and expansion of computer support systems and database and programming support.

4. The maintenance, support, technical, network and computer support services constituted **administrative support** for the work of the TOSC, whose mission is to provide approval and technical guidance for all surreptitious entries performed by FBI personnel. These administrative support services are not inherently governmental and are not an integral part of the law enforcement and intelligence functions of the Bureau.

1

5. Under the contract, AERA/EDO was expected to provide qualified personnel with appropriate security clearances to fulfill the requirements for professional services, independently and not as the agent of the Government. Vincent Pitts was employed by AERA/EDO as a System Integrator who provided computer support services to the FBI under the contract. Mr. Pitts provided TOSC programs with Information Technology application development and systems integration.

6. The employees that AERA/EDO provided under the contract were employed by AERA/EDO. There was no intention by the FBI that these specialists be employees of the FBI. AERA/EDO had a project manager/ network administrator on site at the FBI. Mr. Pitts, reported to AERA/EDO's network administrator. He set Mr. Pitt's work schedule, assigned and directed his work. FBI employees did not provide day-to-day supervision of any personnel provided under the contract.

7. AERA/EDO maintains payroll records for their employees, provides for leave and vacation time, and pays their salary and social security taxes. Their employees do not accumulate federal retirement benefits.

8. The contract employees were required to work primarily on site at the TOSC or other locations in the Washington, D.C. area, or wherever TOSC customers are located as dictated by service needs.

9. The Bureau did not conduct performance reviews with AERA/EDO employees or complete performance evaluations for Mr. Pitts or any other AERA/EDO employee. When the FBI had concerns about an AERA/EDO employee, the Bureau raised those concerns with a manager at AERA/EDO. Concerns were not addressed by the FBI directly with the AERA/EDO employee. AERA/EDO retained ultimate

2

3

directly with the AERA/EDO employee.  AERA/EDO retained ultimate supervisory and disciplinary authority over all AERA/EDO employees providing services to the FBI.

While the Bureau could request the removal of an AERA/EDO employee from a particular task, the Bureau did not have the authority to terminate an AERA/EDO employee from employment.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____

AMY L. TUBBS