UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VINCENT PITTS,           )<br>                          )<br>    Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>ALBERTO GONZALEZ,         )<br>Attorney General of the United States )<br>                          )<br>    Defendant.            )<br>                          ) | Civil Action No.: 1:07cv00704 |

**CONSENT MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, Vincent Pitts ("Mr. Pitts"), by and through his undersigned counsel, hereby submits this consent motion for leave to amend the complaint, and in support thereof state as follows:

1. On April 18, 2007, Mr. Pitts filed a complaint alleging, *inter alia*, discrimination on the basis of race.

2. On October 25, 2007, the Agency filed its partial motion to dismiss or, in the alternative, partial motion for summary judgment, alleging that one of Mr. Pitts's allegations falls outside of this Court's jurisdiction.

3. On November 5, 2007, counsel for Mr. Pitts discussed with defense counsel its partial motion to dismiss or, in the alternative, partial motion for summary judgment.

4. The parties determined that amending Mr. Pitts's complaint would moot the Agency's motion because the amended complaint sufficiently addressed the Agency's jurisdictional concerns.

5. Neither party will suffer prejudice if the Court grants this consent motion.

WHEREFORE for these reasons, the parties respectfully request that the Court grant the consent motion for leave to amend the complaint.

Respectfully submitted,

FARBER LEGAL, LLC

_____/s/_____
Mindy G. Farber (Bar No. 375104)
Smruti V. Radkar
One Central Plaza
11300 Rockville Pike, Suite 808
Rockville, Maryland 20852
Ph. (301) 881-6800
Fx. (301) 770-3927

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VINCENT PITTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 1:07cv00704 |
| ALBERTO GONZALEZ,<br>Attorney General of the United States | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

For the reasons set forth in the consent motion for leave to amend the complaint, it is this _____ day of _____, 2007,

ORDERED, that the plaintiff's motion for leave is GRANTED.

---------------------------------
Judge, United States District Court
for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

VINCENT PITTS
1106 Century Oak Drive
Fredericksburg, VA 22401,

    Plaintiff

    v.                                              CIVIL ACTION NO. 1:07-CV-00704

ALBERTO GONZALES,
Attorney General of the United States
United States Department of Justice
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001,

    Defendant.

---

## SECOND AMENDED COMPLAINT

### (Demand for Jury Trial)

Plaintiff, Vincent Pitts ("Mr. Pitts"), by and through his undersigned counsel, Mindy Farber, Smruti V. Radkar, and Farber Legal LLC, hereby alleges the following causes of action:

1. Mr. Pitts brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), to secure compensatory, injunctive relief, and other equitable relief against the Federal Bureau of Investigation ("defendant") for employment discrimination and retaliation. Defendant intentionally collected false, defamatory information in conducting his background investigation, with knowledge of its falsity. Defendant, using this information, declared Mr. Pitts not suited for employment with defendant and then rescinded its offer of employment based upon Mr. Pitts's race. Defendant's actions are in violation of 42 U.S.C. §§ 2000e-2(a) (1).

2. Mr. Pitts also brings this action pursuant to 29 C.F.R. § 1614.407, which authorizes the filing of a civil action within 90 days of receiving the notice of suit rights. The U.S. Equal Employment Opportunity Commission sent Mr. Pitts a notice of suit rights, which he received on March 31, 2007. He filed his complaint on April 4, 2007.

## JURISDICTION/VENUE

3. This Court has subject matter jurisdiction over plaintiff's claims brought under Title VII by virtue of 28 U.S.C.A. § 1331, in that this matter concerns a federal question.

4. Venue in the United States District Court for the District of Columbia is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Vincent Pitts is an African-American citizen of Virginia, residing at 1106 Century Oak Drive Fredericksburg, Virginia 22401.

6. Defendant, Federal Bureau of Investigation, is a government agency and client agency of the United States Department of Justice. Defendant's mission is to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. *See*, http://www.fbi.gov/quickfacts.htm. Defendant's main office is located at 935 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. Mr. Pitts adopts and incorporates by reference all factual averments herein.

8. In the fall of 2003, Mr. Pitts was an employee of Aera/EDO, a contractor working closely with defendant. Around that time, defendant offered to employ Mr. Pitts as a GS-14 Information Technology Specialist.

9. On or about February 19, 2004, defendant declared that Mr. Pitts was not suitable for employment and rescinded its job offer.

10. At all times relevant, defendant was and is subject to the provisions of Title VII.

11. Mr. Pitts timely filed a complaint of discrimination based on race with the U.S. Equal Employment Opportunity Commission ("EEOC"). Mr. Pitts's EEOC Charge number was 100-2005-00622X.

12. In May 2006, the EEOC ruled against Mr. Pitts and Mr. Pitts requested reconsideration of the adverse decision. The EEOC denied Mr. Pitts's request for reconsideration and issued a notice of right to sue on March 27, 2007.

13. Mr. Pitts received his notice on March 31, 2007 and filed suit *pro se* on April 4, 2007, within the statutory 90-day period. Mr. Pitts subsequently consulted with counsel and supplemented the allegations in his action with the Amended Complaint within the same 90-day statutory period.

**FACTS DEMONSTRATING DISCRIMINATION**

14. Mr. Pitts adopts and incorporates by reference all factual averments herein.

15. In or about January 2003, Mr. Pitts began working for the company then known as EDO (now Aera/EDO), a government contractor doing a large amount of work with defendant.

16. Mr. Pitts worked for Aera/EDO in supporting a contract with defendant and over several years worked at various defendant work sites within the Commonwealth of Virginia.

17. Mr. Pitts enjoyed working with the defendant, defendant's personnel and other contractors whom he supported.  He was typically the only African-American employee working at his worksite and got along well with his co-workers.

18. On or about August 13, 2003, Mr. Pitts applied for employment with defendant as an Information Technology ("IT") Specialist.

19. In September 2003, Mr. Pitts attended his annual drill with his Naval Reserve unit.  Mr. Pitts was away from defendant's work site for two weeks.  All documents and work materials were secured within Mr. Pitts's desk or otherwise properly stored at the time Mr. Pitts took this military leave.

20. On September 16, 2003, defendant personnel reprimanded Mr. Pitts regarding a supposedly classified document that another Aera/EDO employee left on his desk while he was away on military duty with his Naval Reserve unit.

21. On September 25, 2003, after Mr. Pitts notified defendant's employees that another employee must have left the document out on his desk, Aera/EDO terminated his employment, in part because of the supposed security breach.

22. Mr. Pitts had satisfactorily performed all of his job duties, earned good reviews in his position and gotten along well with his co-workers.

23. The supposedly classified document that someone left on Mr. Pitts's desk eventually turned out to be non-classified.

24. On December 2, 2003, defendant made a conditional offer of employment to Mr. Pitts, subject to a background investigation.

25. Beginning in December of 2003, defendant conducted a background investigation of Mr. Pitts. Mr. Pitts passed the polygraph and drug tests.

26. Defendant's background investigation encompassed four specific points of inquiry, including questions regarding Mr. Pitts's: (a) character, (b) associates, (c) reputation, and (d) ability. Defendant solicited opinions from interviewees regarding whether he or she would recommend the applicant for the position.

27. Ms. Courtney Swift, an employee of defendant familiar with Mr. Pitts's work, described it as "outstanding."

28. Ms. Swift, however, directly referring to the September incident with the supposedly classified document at Aera/EDO, stated that Mr. Pitts was "paranoid" about his work and "not a team player."

29. Defendant used Ms. Swift's statement to solicit negative information about Mr. Pitts from other interviewees during the background check.  Ms. Swift's "paranoid" label was used to describe Mr. Pitts by three different people, suggesting that the interviewer parroted Ms. Swift's language in questioning the interviewees.

30. Defendant obtained false and defamatory information about Mr. Pitts from two neighbors who barely knew him.

31. At least four other neighbors, however, spoke of Mr. Pitts in very positive terms to the background investigator.  These neighbors each unequivocally recommended that Mr. Pitts be hired by defendant.

32. Defendant discounted statements of these supportive neighbors, while relying on the two neighbors with negative opinions of Mr. Pitts, despite their not knowing him.

33. Defendant also faulted Mr. Pitts for contesting an "outstanding" rating with a previous employer, Titan, for whom he worked in 1999.

34. Defendant chose to interpret Mr. Pitts's advocacy for a higher rating with Titan as supporting Ms. Swift's opinion that Mr. Pitts is "not a team player."

35. Defendant rejected Mr. Pitts from employment based upon the statement of Ms. Swift regarding the circumstances of what Mr. Pitts believes to be his race-based termination from Aera/EDO.

**COUNT I**

**RACE DISCRIMINATION: NON-SELECTION, VIOLATION OF TITLE VII**

36. Mr. Pitts adopts and incorporates by reference all factual averments herein.

37. Section 2 of Executive Order 11478 (as amended)--Equal employment opportunity in the Federal Government (the "Executive Order"), requires the defendant to **"**maintain an affirmative program of equal employment opportunity for all civilian employees and **applicants for employment** within his jurisdiction in accordance with the [equal employment opportunity] policy."

38. Defendant's discriminatory actions in this matter were in violation of Title VII, 42 U.S.C. § 2000e-2(a), and the letter and spirit of the Executive Order when it based its decision not to select Mr. Pitts upon race.

39. Defendant also discriminated against Mr. Pitts when it gave great weight to inaccurate and racially biased information in its background investigation.  The core of this information, derived from Ms. Swift, was directly connected to the race-based termination of Mr. Pitts at Aera/EDO.

40. Defendant failed to give weight to Mr. Pitts's many positive references in the background investigation and did not check the facts with respect to items which turned out to be completely false.

41. These actions constitute willful, intentional, and unlawful discrimination against Mr. Pitts based on his race, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

42. As a result of defendant's willful, intentional and unlawful discrimination on the

basis of race, Mr. Pitts has suffered and will continue to suffer losses of wages, benefits, employment opportunities, and career advancement within the Federal government.

43. Mr. Pitts's reputation has been irreparably harmed due to the false and defamatory allegations that defendant has made against him.

44. Mr. Pitts has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive and other equitable relief is his only means of securing adequate relief.  Mr. Pitts now suffers irreparable injury to his reputation and professional advancement as a result of defendant's discriminatory acts, unless and until this Court grants relief.

WHEREFORE, Mr. Pitts demands judgment against the defendant and prays:

>   A.  That this Court require the defendant to hire Mr. Pitts into the position which it offered to him, purge Mr. Pitts's background investigation and take such other affirmative action as is necessary to ensure the effects of the defendant's unlawful employment practices are eliminated and do not continue to affect Mr. Pitts's employment or livelihood;
>
>   B.  That this Court award Mr. Pitts the value of any back pay for lost career opportunities and expenses;
>
>   C.  That this Court award Mr. Pitts nominal, general, and compensatory damages in the amount of $300,000;

D.  That this Court grant Mr. Pitts reasonable attorney's fees and any other costs of this action;

E.  That the costs of this action be taxed against defendant; and

F.  That this Court award Mr. Pitts such other and further relief as may be deemed just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues.

Respectfully submitted,

FARBER LEGAL, LLC

_____

Mindy G. Farber (Bar No. 375104)
Smruti V. Radkar
11300 Rockville Pike
Suite 808
Rockville, MD 20852
Ph. (301) 881-6800
Fax (301) 770-3927

*Counsel for Plaintiff*