UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT PITTS, | ) |
|         Plaintiff, | ) |
| v. | ) Case Number: 1:07CV00704 (HHK) |
| MICHAEL B. MUKASEY, Attorney General of the United States, | ) |
|         Defendant. | ) |

**ANSWER**

Defendant Michael B. Mukasey,[1] Attorney General of the United States, hereby answers plaintiff's Second Amended Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over plaintiff's claims.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff has not properly served defendant with a copy of the original complaint and summons.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Attorney General Michael B. Mukasey — successor to former Attorney General Alberto Gonzales — has been automatically substituted as a defendant in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to federal employment or a favorable FBI Security Clearance/ Suitability determination.

## FIFTH AFFIRMATIVE DEFENSE

Some of plaintiff's claims are barred by collateral estoppel and/or res judicata.

## SPECIFIC ANSWERS

Answering specifically in response to the numbered paragraphs of the second amended complaint, using the same paragraph numbering, defendant states as follows:

1. The allegations in paragraph 1 of the complaint constitute plaintiff's characterization of his action and, as such, no answer should be required. Insofar as an answer may be deemed to be required, the entire paragraph is denied; except that portion of the fourth sentence stating that "Mr. Pitts was not suited for employment with defendant" is admitted.

2. The first sentence is a legal conclusion as to the Court's jurisdiction. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the date upon which Mr. Pitts received anything from the Equal Employment Opportunity Commission. Defendant denies that the complaint was filed on April 4, 2007 and notes that the complaint was date stamped filed on April 18, 2007 and the Amended Complaint filed on June 25, 2007.

## JURISDICTION/VENUE

3. Paragraph 3 states a legal conclusion concerning this Court's jurisdiction and, as such, no answer should be required. Insofar as an answer may be deemed to be required, defendant denies the allegations of Paragraph 3.

4. Admit.

## THE PARTIES

5. Admit that Vincent Pitts is an African American. Defendant lacks knowledge sufficient to form a belief as to his current citizenship and residence.

6. Admit.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Deny.

8. Admit that in September 2003 Mr. Pitts was an employee of Aera/EDO working on an FBI contract which terminated in October of 2003. Admit that on December 2003, the FBI offered Mr. Pitts a conditional appointment as an Electronics Technician pending the successful outcome of a background and security investigation.

9. Admit that on or about February 19, 2004 defendant notified Mr. Pitts that the FBI was rescinding its conditional employment offer as he was not suitable for FBI employment and an FBI security clearance.

10. Admit.

11. Admit.

12. Admit.

13. Defendant denies that the complaint and amended complaint were properly and timely filed.

## FACTS DEMONSTRATING DISCRIMINATION

. 14. Deny.

15. Admit that EDO (now Aera/EDO) is a government contractor, deny that they are doing a large amount of work with defendant.

16. Admit that Mr. Pitts worked for Aera/EDO supporting a contract with defendant. Deny that over several years he worked at various defendant work sites within the Commonwealth of Virginia.

17. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 17. Defendant denies the second sentence of Paragraph 17.

18. Admit.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Admit.

25. Admit that the background investigation of Mr. Pitts started in December of 2003 and continued throughout early 2004. Admit that Mr. Pitts passed the polygraph and drug tests.

26. Admit that the background investigation encompassed investigation of character, associates, reputation and ability. Deny, to the extent that this statement insinuates that background is any way limited in scope. Admit that as part of the investigation, interviewees are questioned regarding whether he or she would recommend the applicant for the position.

27. Deny.

28. Admit that Ms. Swift stated Mr. Pitts was "paranoid and not a team player." Deny that her statements referring to him as "paranoid" and "not a team player" were limited to the September incident.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny that defendant faulted Mr. Pitts for contesting an "outstanding" rating, admit that this incident was considered as a whole (8 page reconsideration request resulting in no changes), along with other derogatory statements about Mr. Pitts' personality and interactions with coworkers, employers and neighbors in conjunction with the decision to rescind Mr. Pitts employment offer.

34. Deny.  Defendant disputes plaintiff's speculation as to how issues in his background were or were not interpreted.

35. Admit that defendant rejected Mr. Pitts from employment.  Deny that it was based solely on the statement of defendant's employee and that the termination from Aera/EDO was race based.  Defendant further responds that, pursuant to the decision of the Hon. Leonie M. Brickman, District Court Judge, Eastern District of Virginia (Alexandria), Mr. Pitts' termination from Aera/ EDO was not race-based, as a matter of law.

## COUNT I RACE DISCRIMINATION:
## NON-SELECTION IN VIOLATION OF TITLE VII

36. Deny.

37. Admit.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

A. through F: These paragraphs set forth Plaintiff's prayer for relief, to which no response is required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a..

## JURY TRIAL DEMAND

This paragraph sets forth Plaintiff's demand for a jury trial, to which no response is required.

WHEREFORE, having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Dated: November 28, 2007               Respectfully submitted,

                                       /s/ by DCH
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                       /s/ by DCH
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                       /s/ Robin M. Meriweather
                                       ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                       Assistant United States Attorney
                                       555 Fourth St., N.W.
                                       Washington, D.C. 20530
                                       Phone: (202) 514-7198
                                       Fax: (202) 514-8780
                                       Robin.Meriweather2@usdoj.gov

Of Counsel:

TAMARA SCHUMAN
Employment Law Unit I, Office of the General Counsel
Federal Bureau of Investigation

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2007, I caused the foregoing to be filed and served via the Court's Electronic Case Filing system.

                                                 /s/ *Robin M. Meriweather*
                                      ROBIN M. MERIWEATHER, D.C. Bar # 490114