**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| VINCENT PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-00704 (HHK) |
| ) | |
| MICHAEL B. MUKASEY, Attorney ) | |
| General of the United States, ) | |
| ) | |
| Defendant. ) | |

## JOINT RULE 16.3 REPORT

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c) and Federal Rule of Civil Procedure 26(f).

### Statement of the Case

**Plaintiff:** Plaintiff will be able to establish a *prima facie* case of race discrimination by the agency.

**Defendant:** Defendant respectfully submits that Plaintiff will be unable to establish a *prima facie* case of race discrimination.

### Rule 16.3 Matters

With regard to the matters to be included in the parties' 16.3 reports, the parties state as follows:

1. <u>Dispositive Motions</u>: There are no pending dispositive motions. Plaintiff does not believe that this case can be resolved through either a motion to dismiss or a motion for summary judgment. Defendant believes the case can be resolved through dispositive motions.

Defendant intends to file a motion to dismiss for lack of jurisdiction; that motion will be filed prior to the Rule 16.3 Conference. Defendant believes that any issue that survives Defendant's motion to dismiss can be decided by a motion for summary judgment submitted at the conclusion of discovery.

    2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties, and do not believe that the legal or factual issues can be narrowed at this time.

    3. Assignment To Magistrate Judge: Plaintiff would consent to the assignment of this case to a magistrate judge. Defendant does not consent to assignment of this case to a magistrate judge.

    4. Settlement Possibility: Plaintiff believes that settlement is a possibility. Defendant believes there is little possibility of settling the case at this point, but will inform the court if the possibility of settlement becomes realistic in the future.

    5. Alternative Dispute Procedures: Plaintiff believes that the case could benefit from the Court's ADR process prior to discovery. At this time, Defendant does not believe that the case could benefit from the Court's ADR process. However Defendant believes that ADR might be useful after discovery (in the event that the case is not dismissed for lack of subject matter jurisdiction).

    6. Dispositive Motions: Plaintiff does not believe that this case can be resolved through either a motion to dismiss or a motion for summary judgment. Defendant believes that the case should be dismissed for lack of subject matter jurisdiction, and that any issue that survives Defendant's motion to dismiss can be decided by a motion for summary judgment submitted at the conclusion of discovery.

In the event that this case proceeds to discovery, the parties propose the following briefing schedule:

**Post-Discovery Dispositive Motions:** 60 days after the close of discovery

**Oppositions:** 30 days after service of the dispositive motion

**Replies**: 21 days after service of opposition

7. <u>Initial Disclosures</u>: The parties agree to dispense with the initial disclosures authorized under Fed. R. Civ.P. 26(a)(1).

8. <u>Discovery</u>: Plaintiff proposes that fact discovery commence immediately. Defendant proposes that fact discovery be deferred until after the Court rules on Defendant's motion to dismiss, and that discovery commence upon issuance of the Court's ruling on Defendant's pre-discovery dispositive motion (if any claim survives that motion). The parties agree that discovery should last 120 days. The parties anticipate standard discovery, <u>i.e.</u>, Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions. The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. <u>Experts</u>: The parties do not anticipate that expert witnesses will be used in this case. Defendant proposes that if Plaintiff retains an expert, such expert(s) be designated no later than 45 days after the commencement of discovery, and that Defendant's experts be designated no later than 30 days thereafter. Defendant proposes that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures. Defendant proposes that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

12. <u>Proposed Date For Pretrial Conference</u>:  The parties propose that the pretrial conference date be set at the Court's convenience after the Court rules on post-discovery dispositive motions.

13. <u>Trial Date</u>:  Should a trial be necessary in this case, the parties propose setting the trial date at the pretrial conference.

14. <u>Other Matters</u>:

<u>Electronically Stored Information</u>:  In accordance with Federal Rule of Civil Procedure 26(f)(1), the parties will submit a proposed procedure for discovery of electronically stored information once they have completed their discussions concerning this issue.

Dated: February 7, 2008                               Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　Mindy G. Farber (Bar No. 375104)
　　　　　　　　　　　　　　　　　　　　　Smruti V. Radkar
　　　　　　　　　　　　　　　　　　　　　FARBER LEGAL, LLC
　　　　　　　　　　　　　　　　　　　　　One Central Plaza
　　　　　　　　　　　　　　　　　　　　　11300 Rockville Pike, Suite 808
　　　　　　　　　　　　　　　　　　　　　Rockville, Maryland 20852
　　　　　　　　　　　　　　　　　　　　　Ph. (301) 881-6800
　　　　　　　　　　　　　　　　　　　　　Fx. (301) 770-3927
　　　　　　　　　　　　　　　　　　　　　***Counsel for Plaintiff***

　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　　　　　　　　　．
　　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　　　　United States Attorney

      /s/                                                      .
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

  /s/ Robin M. Meriweather                          .
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

*Counsel for Defendant*

**Of Counsel:**

TAMARA SCHUMAN
Employment Law Unit I
Office of the General Counsel, Federal Bureau of Investigations

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VINCENT PITTS, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No.: 07-00704 (HHK) |
|  | ) | |
| MICHAEL B. MUKASEY, Attorney General of the United States, | ) ) | |
|  | ) | |
| Defendant. | ) ) | |

PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Meet and Confer Statement, filed pursuant to Local Rule 16.3, the following deadlines are hereby set in this case:

- Discovery shall last for a 120-day period commencing:

    \_\_\_   immediately [Plaintiff's proposal]
    \_\_\_   upon the Court's disposition of Defendant's motion to dismiss [Defendant's   proposal]

- Motions for summary judgment shall be filed no later than 60 days after the close of discovery.

- Oppositions to motions for summary judgment shall be filed within 30 days after service of the motions.

- Replies regarding motions for summary judgment shall be filed within 21 days of service of the oppositions.

- If Plaintiff retains an expert, such expert(s) be designated no later than 45 days after the commencement of discovery, and Defendant's experts shall be

      designated no later than 30 days thereafter.  Defendant's expert disclosures should

      be served within 30 days after service of Plaintiff's expert disclosures.

•     This case will be referred for a settlement conference or the Court's ADR process

        ___   immediately [Plaintiff's proposal]
        ___   at the conclusion of discovery [Defendant's proposal]


SO ORDERED, this _____ day of _____, 2008,


                                        _____
                                        United States District Judge